*In re* FORFEITURE OF $1,923,235

Docket No. 218153. Submitted February 13, 2001, at Detroit. Decided September 25, 2001, at 9:05 A.M. Leave to appeal sought.

The Oakland County Prosecutor brought an action in the Oakland Circuit Court for forfeiture under the controlled substances act, MCL 333.7521 *et seq.*, of $1,923,235 seized from Megabowl, Inc., and others after the arrest of Joseph E. Puertas for delivery of cocaine. The prosecutor brought a second action in the same court for forfeiture of the same funds under the criminal enterprises act, MCL 750.159m *et seq.* The actions were consolidated and assigned to Nanci J. Grant, J., who denied a motion made by the claimants to the funds for the release of $94,039.76 to pay for their attorney fees. The claimants appealed by leave granted.

The Court of Appeals *held*:

Although the forfeiture provisions of the controlled substances act, MCL 333.7521(1)(f), do not mention attorney fees, the forfeiture provisions of the criminal enterprises act, MCL 750.159m(1), (6), clearly and plainly provide that reasonable attorney fees for representation in an action under that act are not subject to civil in rem forfeiture. The claimants in this case are entitled to reasonable attorney fees to the extent they were incurred only as a result of representation in the action under the criminal enterprises act.

Reversed and remanded.

FORFEITURES AND PENALTIES — CRIMINAL ENTERPRISES ACT — CONTROLLED SUBSTANCES ACT — ATTORNEY FEES.

Reasonable attorney fees incurred in contesting a forfeiture action brought under the criminal enterprises act are not subject to forfeiture; where the same money or property is the subject of forfeiture in a single court proceeding involving the consolidation of a forfeiture action under the criminal enterprises act and a forfeiture action under the controlled substances act, reasonable attorney fees are not subject to forfeiture to the extent they were incurred only as a result of the action under the criminal enterprises act (MCL 333.7521[1][f], 750.159m[1], [6]).

*David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Robert C. Williams* and *Gary L. Tunis*, Assistant Prosecuting Attorneys, for the people.

*Hertz, Schram & Saretsky, P.C.* (by *Walter J. Piszczatowski* and *Brian Witus*), for Megabowl, Inc., and others.

Constitutional Litigation Associates, P.C. (by *Hugh M. Davis, Jr.,* and *Cynthia Heenan*), for Betty J. Puertas and others.

Before: WHITE, P.J., and WILDER and ZAHRA, JJ.

ZAHRA, J. Claimants appeal by leave granted in this forfeiture action from the trial court's denial of claimants' motion to release seized funds to pay attorney fees. We reverse and remand.

I. FACTS

Joseph Edmund Puertas was arrested on December 16, 1997, and charged in connection with the delivery of more than sixty grams of cocaine at the Megabowl bowling alley in Orion Township.[1] Pursuant to a search warrant, cash and property were seized from claimants' residences and places of business. The prosecutor filed a complaint, seeking forfeiture of the seized items under the controlled substances act, MCL 333.7521 *et seq.* That case was consolidated with a second case, whereby the prosecutor sought forfeiture of the seized items under the criminal enter-

---

[1] Joseph Edmund Puertas is appealing his convictions of conspiracy to deliver a controlled substance and delivery of a controlled substance in a separate case, Docket No. 224173.

prises act, MCL 750.159m *et seq.*[2] Thereafter, claimants requested the release of $94,039.76 of seized funds to pay outstanding attorney fees. Claimants argued that reasonable attorney fees are excluded from forfeiture under MCL 750.159m(6). The trial court originally granted claimants' motion, ruling that MCL 750.159m(6) excludes reasonable attorney fees from forfeiture. However, on the prosecutor's motion for reconsideration, the court ruled that claimants are not entitled to the release of seized funds because attorney fees are not excludable under MCL 333.7521. The trial court further ruled that MCL 750.159m(6) provides only that attorney-claimants are a category of claimants exempted from the requirement that they establish they were bona fide transferees of funds paid to them by claimants, and does not permit the release of funds. This appeal ensued.

## II. ANALYSIS

Whether claimants are entitled to release of any portion of the seized funds under the forfeiture statutes is a question of law that we review de novo. See *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If the plain and ordinary meaning

---

[2] Forfeiture was specifically sought pursuant to the criminal enterprises act under MCL 750.159m and MCL 750.308a. The trial court did not address in the proceedings at issue below forfeiture under MCL 750.308a, which involves gambling activity, and that subsection is not at issue on this appeal.

of a statute is clear, judicial construction is neither necessary nor permitted. *Elia v Hazen,* 242 Mich App 374, 381; 619 NW2d 1 (2000). We may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. *Chop v Zielinski,* 244 Mich App 677, 680; 624 NW2d 539 (2001). When reasonable minds may differ regarding the meaning of a statute, the courts must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand),* 444 Mich 638, 644; 513 NW2d 799 (1994).

The relevant provisions of the criminal enterprises act, MCL 750.159m, read:

> (1) Except as otherwise provided in this section, all real, personal, or intangible property of a person convicted of a violation of section 159i [conducting or participating in, acquiring or maintaining an interest in, or use of proceeds directly or indirectly received from racketeering activity; conspiracy or attempt to violate provisions] that is the proceeds of racketeering, or the substituted proceeds of racketeering, or an instrumentality of racketeering, is subject to civil in rem forfeiture to a local unit of government or the state under this section and sections 159n to 159q.

> \*     \*     \*

> (6) Reasonable attorney fees for representation in an action under this chapter are not subject to civil in rem forfeiture under this chapter.

The controlled substances act does not mention attorney fees. The relevant portion of that statute provides:

(f) Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance, an imitation controlled substance, an androgenic anabolic steroid, or a counterfeit androgenic anabolic steroid in violation of this article or section 17766a that is traceable to an exchange for a controlled substance, an imitation controlled substance, an androgenic anabolic steroid, or a counterfeit androgenic anabolic steroid in violation of this article or section 17766a, or that is used or intended to be used to facilitate any violation of this article or section 17766a including, but not limited to, money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence. [MCL 333.7521(1)(f).]

We conclude that claimants are entitled to reasonable attorney fees under the plain language of the criminal enterprises act. The Legislature plainly exempted from forfeiture reasonable attorney fees for representation in an action under the act. MCL 750.159m(6).[3] Given that the plain and ordinary mean-

---

[3] We do not consider relevant the policy concerns that the trial court discussed below in regard to interpreting subsection 6 as claimants urged (e.g., that a claimant would be allowed to finance his claims with seized property regardless of his ability to independently pay attorney fees, that allowing a claimant to use disputed property to finance his attorney fees is contrary to federal forfeiture law, and that a claimant would never incur attorney fees in a forfeiture action where the value of the seized assets exceeds the claimant's legal fees.) Principles of separation of powers preclude courts from rendering the Legislature's action void merely when they disagree with the result of its application. *Tyler v Livonia Public Schools*, 459 Mich 382, 393, n 10; 590 NW2d 560 (1999) (providing: "Our role as members of the judiciary is not to determine whether there is a

ing of subsection 6 is clear, we may not construe the statute to have a different meaning. *Elia, supra.* Thus, we reject the argument that subsection 6 pertains only to attorney fees that have already been paid before the seizure of assets. Nor does the subsection merely provide that attorney-claimants are subject to lesser standards of proving entitlement to funds. The statute plainly states that reasonable attorney fees are not subject to forfeiture under the act and does not distinguish between fees that are paid before or after seizure or between attorney-claimants and other types of claimants.

The fact that the prosecutor also sought forfeiture under the controlled substances act does not alter our conclusion that claimants are entitled to reasonable attorney fees under the criminal enterprises act. The criminal enterprises act provides: "This chapter does not preclude a prosecuting attorney from pursuing a forfeiture proceeding under any other law of this state." MCL 750.159v. The prosecutor argues that language suggests property that might not be subject to forfeiture under the criminal enterprises act may still be forfeited under the general language of the controlled substances act, which does not expressly exempt attorney fees from forfeiture. We reject such reasoning. Precluding claimants from obtaining funds equal to claimants' reasonable attorney fees for repre-

---

'more proper way,' that is, to engage in judicial legislation, but is rather to determine the way that was in fact chosen by the Legislature. It is the Legislature, not we, who are the people's representatives and authorized to decide public policy matters . . . ."). The plain language of subsection 6 provides that reasonable attorney fees for representation in an action under the criminal enterprises act are exempt from forfeiture. Therefore, we are bound by that language. *Elia, supra.* Furthermore, subsection 6 exempts only "reasonable" fees. Thus, the trial court's concerns regarding application of that provision are not necessarily accurate.

sentation in an action under the criminal enterprises act would be contrary to the plain language of the criminal enterprises act. We refuse to construe the two statutes to allow the amount of reasonable attorney fees expressly exempt from forfeiture under one act, to be subject to the more general forfeiture provisions of the other act. To do so would render MCL 750.159m(6) nugatory, which we cannot do. *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). Moreover, to the extent that the controlled substances act and the criminal enterprises act may be said to be in pari materia, we must find an harmonious construction of the related statutes, so that the statutes work together compatibly to realize the Legislature's purpose. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998); *Travelers Ins v U-Haul of Michigan, Inc*, 235 Mich App 273, 280; 597 NW2d 235 (1999). This is easily accomplished given that the controlled substances act and the criminal enterprises act are not in conflict. The criminal enterprises act exempts from forfeiture fees that were incurred as a result of representation in an action under the act, while the controlled substances act does not provide such an exception for fees incurred as a result of forfeiture under its provisions.

Given the plain language of MCL 750.159m(6), we conclude that claimants are entitled to the reasonable attorney fees that were incurred as a result of representation in the action under the criminal enterprises act. On remand, the trial court shall determine the amount of reasonable attorney fees that claimants incurred only as a result of representation in the

criminal enterprises act action, and award claimants that amount.[4]

Reversed and remanded. We do not retain jurisdiction.

---

[4] We reject the notion that the criminal enterprises act precludes immediate disbursement of funds under subsection 6. Reasonable attorney fees are excluded from forfeiture under the act and, therefore, are not subject to disposition under MCL 750.159r. Furthermore, we make no determination regarding whether the $94,039.76 claimants seek constitutes reasonable fees under the criminal enterprises act given that issue is not before us.