Per Curiam.
 

 Defendant Ronald Meyers pleaded guilty of using the Internet to communicate with a person for the purpose of attempting to commit con-, duct proscribed under MCL 750.145a, which violated MCL 750.145d(l)(b). The trial court initially sentenced Meyers to two years’ probation. The trial court later amended the judgment of sentence to require Meyers to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.721
 
 el seq.
 
 Meyers appeals by leave granted. We affirm.
 

 I. basic facts and procedural history
 

 On May 11, 2000, Meyers logged onto the Internet on a computer in his home in Berrien County and
 
 *639
 
 accessed a chat room. Meyers, aged sixty-four, entered into a discussion with a person he believed to be a twelve-year-old girl named Jennie. Their two-hour discussion concerned oral sex, which Meyers hoped to obtain from the girl. In reality, however, Meyers was conversing with a West Bloomfield police detective, not a young girl.
 

 The prosecutor charged Meyers with violating MCL 750.145d,
 
 [1]
 
 which, at the time Meyers committed the offense, provided in pertinent part:
 

 (1) A person shall not use the internet or a computer, computer program, computer network, or computer system to communicate with any person for the purpose of doing any of the following:
 

 * * *
 

 (b) Committing, attempting to commit, conspiring to commit, or soliciting another person to commit conduct proscribed under section 145a, 157c, 350, 411h, or 411i.
 

 The prosecutor’s theory was that Meyers used the Internet to attempt to commit an act in violation of MCL 750.145a, which provides:
 

 Any person who shall accost, entice, or solicit a child under the age of 16 years with intent to induce or force said child to commit an immoral act, or to submit to an act of sexual intercourse, or an act of gross indecency, or any other act of depravity or delinquency, or shall suggest to such child any of the aforementioned acts, shall on conviction thereof be deemed guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year.
 

 
 *640
 
 Meyers pleaded guilty of this charge without negotiating a plea agreement. The trial court accepted Meyers’ plea after it advised him of his rights and heard his testimony.
 

 At the November 6, 2000, sentencing hearing, defense counsel objected to the recommendation in the presentence investigator’s report that Meyers should register as a sex offender. Defense counsel contended that, because Meyers had not committed an offense “listed” under MCL 28.722(d), Meyers did not have to register. Evidently, defense counsel was arguing that Meyers did not have to comply with MCL 28.723(l)(a), which requires “[a]n individual who is convicted of a listed offense after October 1, 1995” to register under SORA. The prosecutor countered that Meyers’ criminal conduct implicated MCL 750.145a, which MCL 28.722(d)(1) deems a listed offense subject to registration. Defense counsel replied that MCL 750.145a applied only to offenses committed directly against a child, not an Internet chat with an adult police officer. Though defense counsel did not give this theory a name at the time, this was an impossibility argument. The trial court sentenced Meyers to two years’ probation, as well as related conditions, but took the sex offender registration issue under advisement while the parties briefed the issue.
 

 The parties filed their briefs and, on November 29, 2000, the trial court conducted a hearing regarding Meyers’ argument that he did not have to register as a sex offender. In addition to reiterating the parties’ positions on the issue, defense counsel briefly outlined SORA’s history and recent amendments, noting that the Legislature had never amended SORA to include MCL 750.145d as a listed offense. Citing
 
 Peo
 
 
 *641
 

 pie v Thousand (Thousand I),
 

 [2]
 

 defense counsel maintained that Meyers could not have accosted a child because he was conversing with an adult and, therefore, could not be found to have been convicted of violating MCL 750.145a as the listed offense. Noting the rules of statutory construction that militate against interpreting criminal statutes broadly, to the defendant’s disadvantage, defense counsel argued that the trial court should apply sora strictly and conclude that Meyers did not commit a listed offense in this case.
 

 Rather than engaging in lengthy oral argument, the prosecutor relied on her brief, which posited two different statutory theories for requiring Meyers to register under sora. Under the first theory, the prosecutor noted the factual connection between Meyers’ prohibited computer activities and the acts prohibited in MCL 750.145a, citing MCL 28.722(d)(1), which includes a violation of MCL 750.145a in the definition of a listed offense. Alternatively, the prosecutor suggested that one of sora’s catch-all provisions, MCL 28.722(d)(x), which states that “[a]ny other violation of a law of this state . . . that by its nature constitutes a sexual offense against an individual who is less than 18 years of age” constitutes a listed offense, applied in this case. The prosecutor pointed out that, though Meyers had a sexual discussion with an adult, Meyers believed the person with whom he was having the discussion was a child under age eighteen. Thus, the prosecutor contended Meyers’ crime was just the sort of sexual offense for which the Legislature intended individuals to register under sora.
 

 
 *642
 
 After considering these arguments, the trial court announced its ruling from the bench:
 

 The Court has listened carefully to the arguments of counsel. Obviously, there’s been a lot of argument and representations in your brief concerning the legislative intent, but it appears clear to the Court that in this case, what we’re talking about is an individual who was in fact convicted of Computer Communication with Another for Purpose of Committing a Proscribed Conduct. This is under a specific subsection of the statute. But the Defendant was involved in requesting sexual acts from a perceived twelve-year-old female over the internet. The sexual requests were for oral sex and intercourse, including the Defendant attempting to make a date to meet the twelve-year-old or alleged twelve-year-old female.
 

 Obviously, the Defendant in this matter being sixty-four years of age, with no prior record, finds the burden of registering with the Sex Registration Act probably onerous, but I believe that the entire legislative intent was specifically for crimes of this nature, and I believe that under the specific circumstances in this case, it should be viewed broadly to include same, and therefore the Defendant’s motion is respectfully denied. The Defendant is to comply with the Court’s order as set forth at sentencing.
 

 Having failed to avoid registration, Meyers applied for leave to appeal to this Court. This Court granted leave and limited the issue on appeal to the issue he raised in the application for leave to appeal: whether a person convicted under MCL 750.145d must register as a sex offender pursuant to SORA. Meyers contends that the answer to this question is “no,” arguing that the Legislature purposefully excluded MCL 750.145d as a listed offense and, relying on
 
 Thousand I,
 
 that it was factually impossible for him to violate MCL 750.145a with the conduct underlying his conviction.
 

 
 *643
 
 H. STANDARD OF REVIEW
 

 The issue Meyers presents in this appeal requires us to construe and apply several statutes, a task we undertake de novo, meaning that we analyze this issue without deferring to the trial court’s decision.
 
 [3]
 

 HI. STATUTORY CONSTRUCTION
 

 The lodestar principle of statutory construction is that courts must ascertain and give effect to the Legislature’s intent in enacting a statute.
 
 [4]
 
 “The task of discerning our Legislature’s intent begins by examining the language of the statute itself.”
 
 [5]
 
 Using a dictionary if necessary,
 
 [6]
 
 we construe “[a]ll words and phrases” “according to the common and approved usage of the language,” but give terms of art and “technical words and phrases” any “peculiar and appropriate meaning” ascribed by the Legislature or acquired in common usage in the absence of legislative definition.
 
 [7]
 
 If “the language of the statute is unambiguous, the plain meaning reflects the Legislature’s intent and this Court applies the statute as written.”
 
 [8]
 
 Yet, “[w]hen reasonable minds may differ regarding the meaning of a statute, the courts must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construc
 
 *644
 
 tion that best accomplishes the purpose of the statute.”
 
 [9]
 

 IV. SORA’S LISTED OFFENSES
 

 The factor that makes this case seem complex is the number of overlapping statutory provisions that affect whether Meyers’ offense was subject to sora’s registration requirement. Had the Legislature drafted MCL 28.722(d) so that it listed MCL 750.145d as an offense subject to registration, this analysis would be much simpler. However, contrary to Meyers’ contention, we do not think that the Legislature’s omission of MCL 750.145d from the offenses listed in MCL 28.722(d) is dispositive of whether the Legislature intended him and offenders like him to register pursuant to sora. Instead, we start our analysis with the relevant text of MCL 28.722(d) itself.
 

 MCL 28.722(d)(i) through (ix) identify substantive criminal laws, listed by the sections of the penal code where they are codified, that are explicitly subject to sora’s registration requirement. MCL 28.722(d)(i) lists a “violation of section 145a,” meaning MCL 750.145a, as one of the crimes for which an offender must register pursuant to sora. MCL 750.145a, which prohibits accosting a child, is also one of the crimes that MCL 750.145d barred individuals from committing, attempting to commit, or conspiring to commit by using a computer or the Internet. While Meyers did
 
 attempt
 
 to accost a child, he did not actually commit the crime of accosting, having never come into contact with a person under the age of sixteen while con
 
 *645
 
 ducting the computer activities that brought him to the attention of law enforcement. Unlike MCL 750.145d, the language in MCL 750.145a does not prohibit an attempt to accost a child. As a result, MCL 28.722(d)(i) would not, alone, require Meyers to register as a sex offender because he did not actually accost a child.
 

 Nevertheless, SORA’s legislative scheme provides more than one way to determine whether a defendant must register as a sex offender, leaving few loopholes. MCL 28.722(d)(xii) states that “[a]n attempt or conspiracy to commit an offense described in subparagraphs (i) to (xi)” is a listed offense subject to the registration requirement. Indeed, the prosecutor’s theory was that Meyers attempted to accost a child contrary to MCL 750.145a by using a computer and the Internet, which violated MCL 750.145d. Meyers pleaded guilty of this precise offense.
 

 We find nothing ambiguous in MCL 28.722(d)(xii) or the way it applies to the case at bar by working in conjunction with MCL 28.722(d)(i), MCL 750.145d, and MCL 750.145a. Nor are we troubled by the Legislature’s failure to include MCL 750.145d among the offenses listed under MCL 28.722(d), regardless of whether this was a purposeful decision. Sora and MCL 750.145d actually work with each other in a seamless manner. Thus, setting aside any effect the impossibility doctrine might have on the way the law views Meyers’ conduct, there is no question that MCL 28.722(d)(i) and (xii) placed Meyers in the category of individuals required to register as a sex offender pursuant to SORA, MCL 28.723(l)(a).
 

 
 *646
 
 V. SORA’S CATCH-ALL PROVISION
 

 As Meyers points out, sora originally omitted MCL 750.145d from its designation of listed offenses in MCL 28.722(d) because the Legislature enacted SORA in 1994,
 
 [10]
 
 approximately five years
 
 before
 
 it outlawed specified computer and Internet crimes in MCL 750.145d.
 
 [11]
 
 At the time the Legislature enacted sora, it could not have specifically intended to require individuals convicted under MCL 750.145d to register as sex offenders. However, the Legislature knew that it would revise the Penal Code in the future or would inadvertently fail to list certain sexual crimes that would, nevertheless, be considered ripe for registration under sora. Thus, the Legislature included a catch-all provision in sora from its inception.
 
 [12]
 

 At the time Meyers committed his offense, as it does today, sora’s catch-all provision
 
 [13]
 
 appeared at MCL 28.722(d)(x).
 
 [14]
 
 This provision states that a listed offense includes “[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age.” By the plain language in MCL 28.722(d)(x), and considering that SORA
 
 *647
 
 as a whole speaks in terms of “convictions,”
 
 [15]
 
 a criminal defendant must register as a sex offender when three conditions exist simultaneously. First, the defendant must have been convicted of a state law violation or a municipal ordinance violation. Second, the state law or municipal ordinance violation must, “by its nature,” constitute a “sexual offense.” Third, the victim of the state law or municipal ordinance violation must be under eighteen years of age.
 

 In this case, there is no dispute that Meyers was convicted of another state law violation, as the first element under MCL 28.722(d)(x) requires. MCL 750.145d is a section of the Michigan Penal Code, and so it constitutes a state law. The trial court “convicted” Meyers of this offense by entering a judgment of conviction after Meyers pleaded guilty of the charge and provided testimony as factual support for his plea.
 
 [16]
 

 With respect to the second element under MCL 28.722(d) (x), the Legislature did not define what it meant by a violation that, “by its nature,” constitutes a “sexual offense.” The dictionary suggests that we should understand the term “by its nature” to mean according to “inherent qualities.”
 
 [17]
 
 A “sexual offense” is the legal “transgression”
 
 [18]
 
 that is “of or pertaining to sex.”
 
 [19]
 
 There can be no debate that conduct violating a state criminal law or municipal ordinance that
 
 *648
 
 has inherent qualities pertaining to or involving sex fits this second element.
 

 Two interlocking statutes work with each other to make Meyer’s conduct criminal. The first aspect of the crime falls under MCL 750.145d, which proscribes using a computer or the Internet as the means to commit other crimes. In effect, using a computer or the Internet to commit one of the several substantive, or “underlying,”
 
 [20]
 
 crimes mentioned in MCL 750.145d could lead to a cumulatively harsher fine or longer incarceration because this statute authorizes punishment in addition to the punishment for the underlying offense.
 
 [21]
 
 However, not all of these other substantive crimes are inherently related to sex. The stalking,
 
 [22]
 
 aggravated stalking,
 
 [23]
 
 felony inducement,
 
 [24]
 
 and kidnapping
 
 [25]
 
 statutes do not include any language referring to prohibited sexual acts or intent. Similarly, though accosting a child contrary to MCL 750.145a explicitly includes the possibility that the criminal conduct at issue was sexual in nature in that the statute refers to “sexual intercourse,” accosting a child may also consist of nonsexual acts, such as “delinquency.”
 

 At first blush, this possibility—that the conduct that each of these statutes prohibits might not require a sexual component—suggests that these are not statutes that encompass inherently sexual offenses. However, by referring to “sexual offenses,” rather than
 
 *649
 
 “sexual offense statutes,” the language of MCL 28.722(d)(x) directs us to examine the unique nature of the criminal conduct underlying the charge that the defendant violated a state law or municipal ordinance to determine whether the criminal conduct was inherently sexual. Only the facts of the individual “offense” itself will reveal whether the stalking, kidnapping, felony inducement, or accosting offense was inherently sexual, as this second element requires. In this case, there is no question that Meyers’ online discussion was, “by its nature,” sexual in that it specifically involved graphic discussions of oral sex, which Meyers hoped to obtain from the person with whom he was conversing over the Internet.
 

 The third element under MCL 28.722(d)(x) mandates that an offense be committed against a person under the age of eighteen. This simple requirement needs no interpretation. However, when MCL 28.722(d)(x) is applied to the language of MCL 750.145d, it is clear that not every computer or Internet offense contrary to MCL 750.145d(l)(b) is necessarily committed against a person under the age of eighteen. The stalking statutes do not involve any age requirement whatsoever.
 
 [26]
 
 Only violations of the kidnapping statute, which protects children under the age of fourteen,
 
 [27]
 
 and the accosting statute,
 
 [28]
 
 which protects children under the age of sixteen, and the felony inducement statute, which protects children under the age of seventeen,
 
 [29]
 
 necessarily involve offenses against individuals under the age of eigh
 
 *650
 
 teen. Again, however, we are mindful that MCL 28.722(d)(x) directs us to examine the behavior underlying the criminal offense to determine whether it is subject to registration. In this case, setting aside whether the impossibility doctrine would apply, there is no question that Meyers attempted to accost someone he thought was a girl under the age of eighteen.
 

 Unlike MCL 28.722(d)(i) through (is), MCL 28.722(d)(x) does not present a bright-line rule. It is not clear from the first glance whether any particular offender must satisfy sora’s registration requirement. Only after analyzing the facts of the specific case is it possible to determine whether a defendant is subject to sora’s registration requirement by virtue of MCL 28.722(d)(x). There may be other cases in which a defendant convicted of violating MCL 750.145d need
 
 not
 
 register under sora because the victim was over the age of eighteen or the offense was not inherently sexual. In this case, however, it is clear that the particular criminal actions Meyers took fell within MCL 28.722(d)(x). Thus, this catch-all provision also applied to his circumstances, obligating him to register as a sex offender pursuant to MCL 28.723(l)(a).
 

 VL IMPOSSIBILITY
 

 Lurking behind the scenes of this appeal is Meyers’ impossibility argument. MCL 750.145a specifically prohibited Meyers from “suggesting]” “an act of gross indecency,” like oral sex,
 
 [30]
 
 to a child, and MCL
 
 *651
 
 750.145d prohibited him from using a computer or the Internet to attempt to do so. He even pleaded guilty of this offense. And, while he does not ask us to reverse his conviction, he contends that the Legislature did not intend to have individuals register as sex offenders if the impossibility doctrine applied to their crimes. Meyers, relying on
 
 Thousand I,
 
 claims that it was impossible for him to have attempted to accost a child using the computer or the Internet because the officer with whom he was conversing was not a child and, therefore, he should not have to register pursuant to SORA.
 

 This Court in
 
 Thousand I
 
 held that legal impossibility is a valid defense for an attempted crime, but that factual impossibility, which may also be viewed as hybrid legal impossibility, is not a valid defense.
 
 [31]
 
 Nevertheless, this Court concluded that it was legally impossible for the defendant to have committed solicitation to commit criminal sexual conduct with a minor of a certain age or to have attempted to disseminate sexual material to a minor when the evidence demonstrated that the intended victim was actually an adult posing as a minor.
 
 [32]
 
 The critical factor in
 
 Thousand I
 
 was that the defendant’s mistake about the circumstance of the crime he intended to commit “was of legal significance,” meaning that there was no proof of an essential element of the crime.
 
 [33]
 
 Under the reasoning in
 
 Thousand I,
 
 Meyers raises a valid legal impossibility claim because, even though he intended to accost a minor, the person he actually attempted to accost was an adult.
 

 
 *652
 
 However, in
 
 Thousand
 
 II;
 
 [34]
 
 our Supreme Court overruled the portion of this Court’s decision in
 
 Thousand I
 
 dealing with impossibility. Though the Supreme Court explained in detail the separate theories of pure legal impossibility, hybrid legal impossibility, and factual impossibility,
 
 [35]
 
 it focused primarily on the language of MCL 750.92, a general criminal attempt statute, in determining whether the impossibility could ever be a defense to an attempted crime in violation of this statute.
 
 [36]
 
 The Supreme Court noted that the Legislature had not incorporated any exceptions for impossibility in the general attempt statute.
 
 [37]
 
 Acknowledging case law interpreting the general attempt statute to require only evidence that the defendant had the intent to commit a crime and had taken steps in furtherance of that criminal intent,
 
 [38]
 
 the Court rejected the idea that a defendant’s ability to complete the substantive offense under the circumstances was at all relevant to determining if an attempt occurred:
 
 [39]
 

 Rather, in deciding guilt on a charge of attempt, the trier of fact must examine the unique circumstances of the particular case and determine whether the prosecution has proven that the defendant possessed the requisite specific intent and that he engaged in some act “towards the commission” of the intended offense.
 
 [40]
 

 
 *653
 
 Consequently, the Supreme Court held that “the nonexistence of a minor victim does not give rise to a viable defense to the attempt charge in this case,”
 
 [41]
 
 disposing of factual impossibility and hybrid legal impossibility as valid defenses.
 

 The general attempt statute that the Supreme Court interpreted in
 
 Thousand II
 
 does not play a role in this case. Instead, both the criminal offense, MCL 750.145d(l)(b), and sora, MCL 28.722(d)(xii), incorporate their own attempt language. Case law does not explain whether the attempts these two statutes mention mirror or differ from attempts under MCL 750.92. Nevertheless, neither the parties nor the circumstances of this case challenge the notion that an actual attempt under MCL 750.145d would constitute an attempt for the purposes of MCL 28.722(d)(xii) or that the meaning of an attempt in this area is somehow different from the meaning ascribed in other criminal contexts. We assume for the sake of analysis that “attempts” under MCL 750.145d and MCL 28.722(d) (xii) require the same sort of proof necessary to demonstrate an attempt under MCL 750.92, and that by pleading guilty, Meyers conceded that his conduct was just such an attempt. Thus, the narrow question we must decide is whether the Legislature intended to allow impossibility as an exception to the registration requirement for defendants who attempt to commit a crime and whom MCL 28.722(d)(xii) would otherwise compel to register.
 

 Taking our cues from the analytical focus in
 
 Thousand II
 

 [42]
 

 and the ordinary rules of statutory construc
 
 *654
 
 tion,
 
 [43]
 
 the language of SORA, which has this attempt provision, remains most important to our decision. Clearly, the Legislature did not indicate in MCL 28.722 that any form of the impossibility doctrine exists as an exception to the registration requirement for individuals who have attempted to commit a listed offense. To the contrary, the structure and all-inclusive language of MCL 28.722(d), especially subsections x through xiii, reveal the Legislature’s intent to have as many sex offenders comply with the registration process as possible. Though pure legal impossibility is available as a defense,
 
 [44]
 
 we would have to ignore sora’s comprehensive registration scheme to conclude that the factual impossibility or hybrid legal impossibility of completing the underlying offense would excuse a defendant convicted of an attempt from registering. Similar to the holding in
 
 Thousand
 
 II,
 
 [45]
 
 we conclude that these two variations of the impossibility doctrine have no relevance when determining if a defendant convicted of an attempt must register pursuant to SORA.
 

 
 *655
 
 Despite Meyers’ efforts to portray this case as hinging on pure legal impossibility, this case involves hybrid legal impossibility; Meyers had an illegal goal, which his factual mistake concerning the identity of the person with whom he was chatting on the Internet made legally impossible for him to accomplish.
 
 [46]
 
 Having already determined that MCL 28.722(d)(xii) requires him to register as a sex offender without addressing the impossibility doctrine, it is now apparent that his argument that it was impossible for him to have completed the substantive offense of accosting a child is meritless. Nor do we see a basis for concluding that hybrid legal impossibility has any bearing on whether he falls within MCL 28.722(d)(x). Meyers must register pursuant to SORA.
 

 Affirmed.
 

 [1]
 

 1999 PA 32, as amended by 1999 PA 235.
 

 [2]
 

 People v Thousand,
 
 241 Mich App 102; 614 NW2d 674 (2000).
 

 [3]
 

 See
 
 People v Morey,
 
 461 Mich 325, 329; 603 NW2d 250 (1999).
 

 [4]
 

 See
 
 People v Chavis,
 
 246 Mich App 741, 743; 635 NW2d 67 (2001).
 

 [5]
 

 People v Borchard-Ruhland,
 
 460 Mich 278, 284; 597 NW2d 1 (1999).
 

 [6]
 

 See
 
 People v Lawrence,
 
 246 Mich App 260, 265; 632 NW2d 156 (2001).
 

 [7]
 

 MCL 8.3a;
 
 People v Schultz,
 
 246 Mich App 695, 703; 635 NW2d 491 (2001).
 

 [8]
 

 Borchard-Ruhland, supra
 
 at 284.
 

 [9]
 

 In re Forfeiture of $1,923,235,
 
 247 Mich App 547, 550; 637 NW2d 247 (2001).
 

 [10]
 

 See 1994 PA 295, effective October 1, 1995.
 

 [11]
 

 See 1931 PA 328, as amended by 1999 PA 32, effective August 1, 1999.
 

 [12]
 

 See 1994 PA 295, MCL 28.722(d)(vi) (A listed offense included “[a]n offense substantially similar to an offense described in subparagraph [i] to [v] under a law of the United States, any state, or any country.”).
 

 [13]
 

 MCL 28.722(d)(xi), (xii), and (xiii) also function as catch-all provisions. While MCL, 28.722(d)(xn) does play a role in deciding the impossibility issue in this appeal, we use “catch-all” to refer only to MCL 28.722(d)(x) for the sake of simplicity.
 

 [14]
 

 1999 PA 85.
 

 [15]
 

 See MCL 28.723 (requiring individuals “convicted" of “listed offenses” before and after certain dates to register as a sex offender); see also MCL 28.722(a) (defining “convicted” under sora).
 

 [16]
 

 See MCL 28.722(a)(i).
 

 [17]
 

 Random House Webster's College Dictionary
 
 (2d ed), p 872.
 

 [18]
 

 Id.
 
 at 907.
 

 [19]
 

 Id.
 
 at 1185.
 

 [20]
 

 See, generally, MCL 750.145d(2).
 

 [21]
 

 See MCL 750.145d(2)-(5).
 

 [22]
 

 MCL 750.41lh.
 

 [23]
 

 MCL 750.41li.
 

 [24]
 

 MCL 750.157c.
 

 [25]
 

 MCL 750.350.
 

 [26]
 

 See MCL 750.41lh and 750.41li.
 

 [27]
 

 MCL 750.350.
 

 [28]
 

 MCL 750.145a.
 

 [29]
 

 MCL 750.157c.
 

 [30]
 

 See, generally,
 
 People v Williams,
 
 237 Mich App 413, 415-417; 603 NW2d 300 (1999), vacated in part on other grounds 462 Mich 861 (2000), and cases cited therein including oral sex among the acts that may constitute “gross indecency”; see also
 
 People v Lino,
 
 447 Mich 567; 527 NW2d 434 (1994).
 

 [31]
 

 Thousand I, supra
 
 at 105.
 

 [32]
 

 Id.
 
 at 111.
 

 [33]
 

 Id.
 
 at 113.
 

 [34]
 

 People v Thousand,
 
 465 Mich 149; 631 NW2d 694 (2001).
 

 [35]
 

 Id.
 
 at 156-163.
 

 [36]
 

 Id.
 
 at 163-166.
 

 [37]
 

 Id.
 
 at 165.
 

 [38]
 

 Id.
 
 at 164.
 

 [39]
 

 Id.
 
 at 165-166.
 

 [40]
 

 40
 
 Id.
 
 at 166.
 

 [41]
 

 Id.
 

 [42]
 

 See
 
 Thousand II, supra
 
 at 165.
 

 [43]
 

 See
 
 Borchard-Ruhland, supra
 
 at 284.
 

 [44]
 

 The
 
 Thousand II
 
 opinion, though written broadly in the sense that it stated and reiterated that the Supreme Court had never adopted an “impossibility” doctrine, see
 
 id.
 
 at 152, 164, appears to have left intact pure legal impossibility as a valid defense, see
 
 id.
 
 at 158. Indeed, the language of MCL 750.92 requires a defendant to have the intent to commit conduct that is criminal and to take steps to that end. Though a defendant may have a specific intent to commit certain actions and take steps to that end, if those actions are legal, then it would be impossible to say that the defendant attempted “to commit an offense prohibited by law” even if the defendant thought he was committing a crime. MCL 750.92; see also
 
 Thousand II, supra
 
 at 158-159. This case does not involve pure legal impossibility because the law prohibited the conduct Meyers intended to commit.
 
 Thousand II, supra
 
 at 158.
 

 [45]
 

 Thousand II, supra
 
 at 166.
 

 [46]
 

 See
 
 id.
 
 at 159.