666 N.W.2d 182 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
ONE MILLION NINE HUNDRED TWENTY-THREE THOUSAND TWO HUNDRED THIRTY-FIVE DOLLARS AND SIXTY-TWO CENTS ($1,923,235.62) IN UNITED STATES CURRENCY, Defendant, and
Megabowl, Inc., et al., Claimants-Appellees.
Docket No. 120205, COA No. 218153.
Supreme Court of Michigan.
July 16, 2003.
On order of the Court, leave to appeal was granted and the case was submitted for judgment. Subsequently, the parties stipulated that the case has settled and that we should dismiss the appeal. This case having been rendered moot, we DISMISS the appeal, VACATE the judgment of the Court of Appeals, 247 Mich.App. 547, 637 N.W.2d 247 (2001), and REMAND this case to the Court of Appeals for entry of an order dismissing the appeal to that court as moot. See Verret v. Oil Transport Co, Inc, 365 U.S. 768, 81 S.Ct. 911, 6 L.Ed.2d 83 (1961).
MARKMAN, J. (dissenting).
Well over a year after leave to appeal was granted in this case, and eight months after oral arguments were held, the majority now dismisses the appeal on the basis of a stipulation reciting that there has been a settlement. I respectfully dissent and would decide this case. The issue in this case is an important one and deserves the attention of this Court. And for well over a year, this is what has been taking place. Taxpayer resources have been used to support the justices and the staff of the Court, in a sustained effort to assess, to process, and to resolve this case through a written opinion. To the extent that we have devoted attention to this case, our ability to accord attention to other cases has been diminished.
While this Court undeniably possesses the discretion to determine whether to dismiss, I am unaware of any such dismissal entered after a similar investment of public resources as in this case. In my judgment, the present order reflects an insufficient regard for the commitment of public resources that have been expended in this case.
The decisions of this Court inevitably carry consequences, and I fear that the consequences of this decision will be to encourage parties to use the Supreme Court process as simply one more instrument of leverage during settlement negotiations. Grants of leave to appeal will become increasingly tentative and conditional. Instead, I view the Supreme Court process as a means of resolving the most difficult cases and controversies that are of public moment. When this Court grants leave, conducts oral arguments, and considers draft opinions with regard to a case on appeal, the Court is doing what it possesses the resources to do in less than three percent of all applications for leave to appeal. By its actions over the past year, this Court has made clear its belief that this case deserves the investment of scarce judicial resources and that it is in the public interest that we do this. I would allow that effort to ripen into a final opinion. I would not allow the litigants to "avail [themselves] the full process of the court, and then permit [them] to remove the case from the court's jurisdiction at the very last possible *183 moment." Marino v. Marino, 411 Pa.Super. 424, 430, 601 A.2d 1240 (1992).
Further, I would not vacate the judgment of the Court of Appeals.
MARILYN J. KELLY, J. (concurring in part and dissenting in part).
I support the order to the extent that it dismisses the appeal as moot. However, I do not join in the portion of the order that vacates the Court of Appeals decision.