# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CRYSTAL L. SHELTON-RANDOLPH,

Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 335044
Genesee Circuit Court
LC No. 14-035996-FC

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an amended judgment of sentence for defendant's *nolo contendere* plea to second-degree murder, MCL 750.317, of her two-year-old son (the victim). Defendant was originally charged with felony murder, MCL 750.316(1)(b), first-degree child abuse, MCL 750.136b(2), and first-degree criminal sexual conduct (CSC-I) (person under 13), MCL 750.520b(1)(a). Defendant accepted a plea agreement, and pleaded *nolo contendere* to an amended Count I of second-degree murder in exchange for the prosecution's agreement to dismiss Counts II and III (child abuse and CSC-I), and not reissue charges regarding the death of the victim's twin sister, which occurred a month prior. Defendant was sentenced to 180 to 600 months' imprisonment.

Defendant's issues on appeal relate to a September 14, 2016 order which (1) amended the judgment of sentence to reflect registration pursuant to the Michigan Sex Offender Registration Act (SORA), MCL 28.721 *et seq.*, as a tier I offender and removed a lifetime electronic monitoring requirement, and (2) denied defendant's challenges to the scoring of offense variables (OVs) 1, 2, 7, 12, and 19. We agree with the parties that the matter should be remanded for the trial court to follow the proper procedures to determine whether defendant must register as a sex offender; however, defendant is not entitled to resentencing.

---

[1] *People v Shelton-Randolph*, unpublished order of the Court of Appeals, entered November 14, 2016 (Docket No. 335044).

-1-

# I. CATCHALL PROVISION OF THE SORA

As noted, both parties agree that the trial court committed error when it required defendant to register as a sex offender without following the correct procedural requirements prior to doing so. Because defendant failed to preserve the challenge to the procedure used by the trial court, this issue is reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The SORA requires individuals who are convicted of a listed offense after October 1, 1995, to register as a sex offender. MCL 28.723(1)(a); *People v Golba*, 273 Mich App 603, 605; 729 NW2d 916 (2007). "Listed offense" is defined by the statute as a tier I, tier II, or tier III offense. MCL 28.722(j). The parties agreed at the motion hearing that, should defendant be required to register, she would have to register as a tier I offender. The definition for "tier I offense" includes the following catchall provision: "Any other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor." MCL 28.722(s)(*vii*). In addition, MCL 769.1(13) provides:

> If the defendant is sentenced for an offense other than a listed offense as defined in section 2(d)(*i*) to (*ix*) and (*xi*) to (*xiii*) of the sex offenders registration act, 1994 PA 295, MCL 28.722, the court shall determine if the offense is a violation of a law of this state or a local ordinance of a municipality of this state that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. If so, the conviction is for a listed offense as defined in section 2(d)(*x*) of the sex offenders registration act, 1994 PA 295, MCL 28.722, and the court shall include the basis for that determination on the record and include the determination in the judgment of sentence.

Defendant was convicted of second-degree murder, MCL 750.317. This is not a listed tier I offense. MCL 28.722(s). Thus, for defendant to be required to register as a sex offender, the catchall provision must apply. MCL 28.722(s). For the catchall provision to apply, "(1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, 'by its nature,' constitute a 'sexual offense,' and (3) the victim of the violation must be under 18 years of age." *Golba*, 273 Mich App at 607, quoting *People v Meyers*, 250 Mich App 637, 647; 649 NW2d 123 (2002), overruled on other grounds by *People v Lee*, 489 Mich 289.

As provided above, MCL 769.1(13) requires the sentencing court to place on the record and include in the judgment of sentence its determination that the conviction offense is, by its nature, a sexual offense against an individual less than 18 years old. This demonstrates the legislature's intent that sentencing courts make findings of fact regarding the underlying conduct in individual cases. *Golba*, 273 Mich App at 611. Additional registration procedure requirements are provided in MCL 28.724(5):

> [A]n individual convicted of a listed offense in this state after October 1, 1995 and an individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any

other felony on or after July 1, 2011, shall register before sentencing, entry of the order of disposition, or assignment to youthful trainee status for that listed offense or that other felony. The probation agent or the family division of circuit court shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6. The court shall not impose sentence, enter the order of disposition, or assign the individual to youthful trainee status, until it determines that the individual's registration was forwarded to the department as required under section 6.

In *People v Lee*, 489 Mich 297, 298; 803 NW2d 165 (2011), the trial court did not wait until the defendant's registration was forwarded to the state police department before imposing the defendant's sentence, as required pursuant to MCL 28.726. And the trial court did not include, in its judgment of sentence, a determination that the catchall provision applied, thereby making defendant's crime a listed offense for which registration was required. *Id.* at 298. The Supreme Court noted that "there is no support in SORA for permitting a postsentencing hearing to make a determination regarding registration. Indeed, such a hearing is a clear violation of the registration procedures established by MCL 28.724(5)." *Id.* Thus, the Court vacated the trial court's order that required the defendant to register under the SORA. *Id.* at 301.

Both parties assert that the trial court did not follow this procedure, and the record supports this assertion. At sentencing, the prosecutor told the court that should it "choose parole" for defendant, the prosecution would seek sex offender registry and lifetime electronic monitoring. The court then informed defendant that, "[r]egardless of what the guidelines are[,] you need to be registered," and the registry term would be for defendant's lifetime. Thus, the original judgment of sentence required defendant to register under the SORA and be subject to lifetime electronic monitoring upon parole.[2] Thus, it is clear that defendant did not register prior to sentencing, as required by MCL 28.724(5).

In addition, there is no evidence that defendant was given the registration form after she was convicted or that any probation officer explained to defendant her responsibilities pursuant to the SORA. MCL 28.724(5). There is no indication that any registration was forwarded to the state department of corrections prior to sentencing. MCL 28.724(5) and (6). Furthermore, although the trial court required defendant to register pursuant to the catchall provision as she was not convicted of a listed offense, it did not provide the reasoning for this determination on the record or in the judgment of sentence, as required by MCL 769.1(13). Although at the motion hearing the trial court stated that there was "evidence of sexual abuse," this declaration came after sentencing, and does not provide an adequate explanation of why the court determined that the catchall provision applied.

Because the trial court did not follow the proper procedure, the final amended judgment of sentence and order are vacated to the extent that they order that defendant register as a sex

---

[2] The judgment of sentence was amended several times to specify that defendant was required to register as a tier III offender.

offender. On remand, the trial court shall hold a hearing to determine whether defendant must register as a sex offender pursuant to the catchall provision.[3]

## II. OV SCORING

Defendant's next argument focuses on several scoring issues. Specifically, defendant argues that OVs 1 and 2 were incorrectly assessed at 10 points and one point, respectively, because there was no record evidence that a weapon was used, OV 7 was incorrectly assessed at 50 points because the evidence demonstrated that the victim's injuries were from a fall and CPR, OV 12 was incorrectly assessed at 10 points because the charges of child abuse and CSC-I were dismissed so there were no contemporaneous felonious criminal acts, and OV 19 was scored incorrectly because defendant was not uncooperative with law enforcement and had no intent to interfere with a police investigation.

Pursuant to the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court "must use the sentencing guidelines, as provided by law." MCR 6.425(D). This means that the trial court must consult the sentencing guidelines, calculate the recommended sentencing guidelines range, and take the range into account when determining a defendant's sentence. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). The sentencing court must score all prior record variables (PRVs) in addition to the OVs. MCL 777.21(1)(b); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "The offender's offense variables score and prior record variables score are then used with the sentencing grids to determine the recommended minimum sentence range under the guidelines." *Morson*, 471 Mich at 255, citing MCL 777.21(1)(c). OVs 1, 2, 7, 12, and 19 apply to the offense category of crimes against a person. MCL 777.22(1).

### A. OV 1

OV 1 concerns the "aggravated use of a weapon." MCL 777.31(1); *Morson*, 471 Mich at 256. OV 1 is scored according to the following guidelines provided in MCL 777.31(1):

(a) A firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon ......................... 25 points

(b) The victim was subjected or exposed to a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device .............................................................................. 20 points

---

[3] As a result of our conclusion on this issue, the second part of defendant's first issue on appeal need not be addressed.

(c) A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon ...................................................................15 points

(d) The victim was touched by any other type of weapon........................10 points

(e) A weapon was displayed or implied ....................................................5 points

(f) No aggravated use of a weapon occurred .............................................0 points

Defendant was assessed 10 points under MCL 777.31(1)(d). The trial court upheld the scoring of OV 1 at the hearing on defendant's motion based on the testimony of Dr. Cho that there was a foreign object, implicating "that it was an object that was in [defendant's] hands." Although there is a lack of direct evidence that a weapon was involved, there is ample evidence from the preliminary examination that the victim had an injury to his rectal opening indicating he was touched by a foreign object, and that the victim had injuries indicating blunt force trauma. Both medical and police personnel provided testimony in support of the court's findings. Therefore, an assessment of 10 points for OV 1 was supported by a preponderance of the evidence.

## B. OV 2

OV 2 regards the "lethal potential of the weapon possessed or used" during the commission of the offense. MCL 777.32(1); *People v Young*, 276 Mich App 446, 451; 740 NW2d 347 (2007). OV 2 is scored according to the following guidelines provided in MCL 777.32(1):

(a) The offender possessed or used a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, or harmful radioactive device .................................15 points

(b) The offender possessed or used an incendiary device, an explosive device, or a fully automatic weapon.......................................................................15 points

(c) The offender possessed or used a short-barreled rifle or a short-barreled shotgun..........................................................................................10 points

(d) The offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon ...................................................................5 points

(e) The offender possessed or used any other potentially lethal weapon ...... 1 point

(f) The offender possessed or used no weapon..........................................0 points

Defendant was assessed one point under OV 2 pursuant to MCL 777.32(1)(e). As described above for OV 1, evidence showed that the victim had rectal injuries consistent with a foreign object being forced into his rectal opening. In addition, the victim had bruising and other injuries indicating blunt force trauma. Dr. Cho testified that the internal hemorrhaging to the

victim's colon would not necessarily cause death because it was not extensive; however, it could lead to serious illness if it was left untreated for a long time. Thus, although there is no direct evidence that a weapon was involved, there is evidence in the record demonstrating that the victim received many blunt force injuries that could have been inflicted using a weapon, and had rectal injuries from a foreign object. Thus, an assessment of 1 point for OV 2 was supported by a preponderance of the evidence.

## C. OV 7

OV 7 addresses aggravated physical abuse. MCL 777.37(1); *Hardy*, 494 Mich at 439. Points are assessed for OV 7 pursuant to MCL 777.37(1) under the following circumstances:

(a) A victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ....................................................................50 points

(b) No victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ....................................................................0 points

The statute defines "sadism" as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). As "torture" is not defined by the statute, this Court has used the dictionary definition: " 'the act of inflicting excruciating pain, as punishment or revenge, as a means of getting a confession or information, or for sheer cruelty.' " *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds by *Hardy*, 494 Mich at 448, quoting *Random House Webster's College Dictionary* (2d ed). "Excessive brutality" has been determined to mean "savagery or cruelty beyond even the 'usual' brutality of a crime." *Glenn*, 295 Mich App at 533.

Defendant was assessed 50 points for OV 7 pursuant to MCL 777.22(1)(a). In upholding the scoring for OV 7 at the hearing on defendant's motion, the trial court asserted, "I don't think torture involves just one act. I think it involves a series of acts, or different acts which cause the pain. So I think we should score it as a 50." We agree. The victim's long list of injuries demonstrates that defendant tortured the victim and inflicted excessive brutality. Therefore, the assessment of 50 points for OV 7 was supported by a preponderance of the evidence.

## D. OV 12

OV 12 concerns contemporaneous felonious criminal acts. MCL 777.42(1). OV 12 is scored according to the following guidelines provided in MCL 777.42(1):

(a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed ............................................................25 points

(b) Two contemporaneous felonious criminal acts involving crimes against a person were committed........................................................................10 points

(c) Three or more contemporaneous felonious criminal acts involving other crimes were committed .................................................................................10 points

(d) One contemporaneous felonious criminal act involving a crime against a person was committed ...............................................................................5 points

(e) Two contemporaneous felonious criminal acts involving other crimes were committed ..............................................................................................5 points

(f) One contemporaneous felonious criminal act involving any other crime was committed ................................................................................................ 1 point

(g) No contemporaneous felonious criminal acts were committed..............0 points

The statute provides that a felonious criminal act is considered contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense," and "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(a). The other felonious criminal act must be a separate act from that of the sentencing offense. *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). However, contemporaneous criminal conduct that was scored pursuant to OV 11 may not be scored.[4] MCL 777.42(2)(c). OV 11 regards criminal sexual penetration. MCL 777.41(1).

The trial court did not err in assessing 10 points to defendant for OV 12 pursuant to MCL 777.42(1)(c). Because the charges of first-degree child abuse and CSC-I were dismissed, they meet the statutory requirement that they will not result in separate convictions. MCL 777.42(2). See also *People v Billings*, 283 Mich App 538, 553; 770 NW2d 893 (2009) (the defendant pleaded guilty to one count and two other charges were dismissed and, therefore, could be considered in scoring OV 12). Thus, defendant's argument that child abuse and CSC-I could not be scored because they were dismissed is without merit, as the language of the statute concerns contemporaneous felonious criminal "acts," rather than "convictions." MCL 777.42(1).

Pursuant to *Light*, the contemporaneous felonious acts must be separate acts from that constituting the sentencing offense. *Light*, 290 Mich App at 723. In this instance, the other criminal acts must be separate from second-degree murder. The elements of second-degree murder are " '(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse.' " *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009), quoting *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999). The facts demonstrate that the victim had injuries besides those that led to his death. Dr. Cho testified that the cause of the victim's death was blunt force trauma to his head causing a brain bleed. However, the victim also had bruises all along the left side of his body, scratches on his forehead, bite marks on his chest, and a torn upper lip and bottom frenulum.

---

[4] The parties stipulated that OV 11 was scored incorrectly at 10 points, and the court agreed to amend the SIR so that OV 11 was scored at 0 points.

In addition, the victim had internal hemorrhaging at the back of his rib cage and around the sigmoid colon in his mesentery, most likely caused by blunt force or pressure to his abdomen. Dr. Cho testified that this injury would not necessarily cause death. Thus, a preponderance of the evidence demonstrated the contemporaneous felonious criminal act of child abuse. In addition, there was evidence of CSC-I separate from the victim's injuries that led to his death. His rectal opening was stretched open to the size of a coin and his rectum was bleeding at the time that the victim arrived at the hospital, demonstrating that it was a recent injury. Dr. Cho testified that he would not rule out constipation as a cause of the victim's rectal bleeding, but it was most likely caused by the insertion of a foreign object. Thus, the contemporaneous criminal act of CSC-I was also supported by a preponderance of the evidence. Therefore, the trial court did not err in assessing defendant 10 points for OV 12 because two contemporaneous felonious criminal acts were committed by defendant.

The prosecution argues that should we conclude that there was a sexual component to defendant's murder conviction and defendant is required to register under SORA, CSC could not be considered a contemporaneous felonious criminal act for the purposes of scoring OV 12. The trial court may determine that defendant is required to register with SORA for her second-degree murder charge based on the facts demonstrating a sexual assault of the victim. However, the charge of CSC-I was dismissed and, therefore, meets the statutory requirement of not resulting in a separate conviction. MCL 777.42(2). Defendant will not be convicted of CSC-I even if the trial court requires her to register as a sex offender, and any sexual assault will still be a separate act from that of the sentencing offense, second-degree murder. Therefore, the facts demonstrating a sexual assault of the victim may still be considered a separate felonious criminal act for the purposes of scoring OV 12.

### E. OV 19

OV 19 concerns threats to the security of penal institutions or the court and interference with the administration of justice or the rendering of emergency services. MCL 777.49. OV 19 is scored according to the following guidelines provided in MCL 777.49(1):

(a) The offender by his or her conduct threatened the security of a penal institution or court ................................................................25 points

(b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services................................................................15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice................................................................10 points

(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force ......................0 points

The court may consider the defendant's actions that take place after completion of the sentencing offense when assessing points under OV 19. *People v Smith*, 488 Mich 193, 200; 793 NW2d

-8-

666 (2010). To "interfere with the administration of justice" means "[o]pposing so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013).

Defendant argues that the trial court erred in assessing her 10 points for OV 19 because she was cooperative with law enforcement, and it is irrelevant that she may not have initially told EMS about the victim falling in the bathtub, as the statute does not assess points for interference with emergency medical services. The prosecution asserts that defendant interfered with the administration of justice because she was not forthcoming to an emergency medical technician (EMT), who was also a sheriff's deputy. The trial court upheld the scoring based on the fact that defendant gave misinformation to a paramedic who was also a sheriff's deputy.

The trial court erred when it assessed defendant 10 points for OV 19 because lying to emergency medical personnel does not constitute interference with justice. *People v Portellos*, 298 Mich App 431, 451; 827 NW2d 725 (2012), overruled on other grounds by *People v Calloway*, 500 Mich 180 (2017). Michael Galajda arrived at defendant's apartment on the date of the victim's death in his capacity as a paramedic, not a deputy sheriff. There is no indication that he told defendant that he was a deputy sheriff. He administered emergency medical services and CPR to the victim in the ambulance until they arrived at the hospital. At the hospital, Galajda spoke to defendant in order to get details of what happened to give to the doctors, not as part of a criminal investigation. Thus, the fact that defendant failed to tell Galajda that the victim fell does not constitute interference with the administration of justice as Galajda was rendering emergency medical services. *Portellos*, 298 Mich App at 451.

Regarding defendant's statements to the responding police officers, she told Officer Howe that the victim was in the tub and stopped breathing during their preinterrogation conversation. Officer Howe described defendant as erratic, confused, misplaced, and not making sense during this conversation. When defendant was interviewed by Sergeant Alfino Donastorg (Sergeant Donastorg) after being given her *Miranda*[5] warnings, she told him that the victim fell in the bathtub and then started coughing and choking. Defendant also told Sergeant Donastorg during this interview that she was unaware of the victim's rectal injury. After Sergeant Donastorg learned from Dr. Cho that there was trauma to the victim, Sergeant Donastorg re-interviewed defendant. During this interview, defendant maintained that the victim fell in the tub and started choking, but also said that the victim was running around while she was trying to feed him and hit his head hard on the wooden floor. Defendant's failure to tell the police officers about the victim's fall on the wooden floor during her first interview, or any other downplaying of the victim's injuries, does not give rise to an inference of an interference with the administration of justice. Therefore, the preponderance of the evidence does not support the assessment of 10 points for OV 19.

Defendant should have been assessed zero points for OV 19 because she did not interfere with the administration of justice or rendering of emergency services by force or threat of force. MCL 777.49(1)(d). This would decrease defendant's total OV score from 166 points to 156

---

[5] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

points. However, defendant's OV level remains at level III with this adjusted score, and defendant's sentencing guidelines range remains at 162 to 270 months' imprisonment for second-degree murder. MCL 777.61. Defendant's minimum sentence of 180 months' imprisonment falls within this range. Therefore, because the error in scoring OV 19 does not alter the sentencing guidelines range, resentencing is unnecessary. MCL 769.34(10); MCR 2.613(A). See also *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006) (the defendant entitled to resentencing where appellate correction of erroneously calculated guidelines range resulted in a sentence that "stands differently in relationship to the correct guidelines range").

Defendant's conviction is affirmed but the judgment of sentence and order are vacated to the extent that they require sex offender registration, and this matter is remanded to the trial court for a proper determination of whether the catchall provision applies and therefore, whether defendant must register as a sex offender. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood