# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2006

131012

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

RYAN DERREK ALTHOFF,
          Defendant-Appellant.

SC: 131012
COA: 264980
Berrien CC: 2004-404391-FY

_____/

On order of the Court, the application for leave to appeal the March 3, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted of the following four issues: (1) whether MCL 28.722(e)(xi) requires registration of an offender based solely on the legal elements of the offense for which he stands convicted, or whether the facts of the particular offense are to be considered in determining if the offense "by its nature constitutes a sexual offense against an individual who is less than 18 years of age." *Cf. People v Meyers*, 250 Mich App 637 (2002) (dictum); (2) whether the possession of pornographic photographs constitutes an offense "against" an individual who is less than 18 years of age; (3) if possession is an offense "against" an individual, what evidentiary standards apply to a hearing held to determine if a defendant must register under the Sex Offender Registration Act; and (4) whether the evidence in this case was sufficient to satisfy the statutory requirement that the individual be "less than 18 years of age."

WEAVER, J., concurs and would add that she does not object to the Court of Appeals considering any other issues it may deem appropriate.

CORRIGAN, J., dissents and states as follows:

I dissent from the majority's order remanding this case because I believe that the Court of Appeals has already determined in *People v Meyers*, 250 Mich App 637 (2002), that the "catch-all provision" of the Sex Offenders Registration Act (SORA), MCL 28.722(e)(xi), requires consideration of the facts of the particular offense. Although the

Court of Appeals in *Meyers* also reviewed under an "attempt" analysis the trial court's decision to require the defendant to register under the SORA, the Court's holding with regard to the catch-all provision was an equal and alternate theory supporting the defendant's sentence and, therefore, not dictum.

The SORA requires individuals who commit a "listed offense" to be registered under the act. MCL 28.723. The catch-all provision defines "[l]isted offense" as "[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 28.722(e)(xi). Defendant's grammatical argument in the instant case is without merit. This catch-all language does not require the offense to be sexual in nature. It requires the violation to be of a sexual character. The relevant antecedent noun preceding the phrase "by its nature" is "violation"; the phrase "of a law of this state or a local ordinance of a municipality" is a prepositional phrase that also modifies "violation." Thus, the Court of Appeals in *Meyers* correctly concluded that courts must examine the nature of the violation to determine whether registration is required under the catch-all provision. The trial court's conclusion that the conduct in this case was by its nature a sexual offense against an individual under 18 was not clearly erroneous, and I would, therefore, affirm.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2006

*Corbin R. Davis*

Clerk

d1205