PEOPLE v ALTHOFF

Docket No. 274906. Submitted March 4, 2008, at Grand Rapids. Decided
September 2, 2008, at 9:00 a.m. Leave to appeal sought.

Ryan D. Althoff pleaded guilty in the Berrien Circuit Court to a charge
of possession with intent to disseminate obscene material, MCL
752.365. The court, Casper O. Grathwohl, J., ordered the defendant to
register as a sex offender pursuant to the Sex Offenders Registration
Act (SORA), MCL 28.721 *et seq*. The defendant filed a delayed
application for leave to appeal in the Court of Appeals, arguing that
he was not required to register under SORA because the offense to
which he pleaded guilty was not listed in SORA. The defendant
further argued that his case did not fall under SORA's catchall
provision because there was no evidence that it involved an offense
against a minor. The Court of Appeals remanded the case to the trial
court, Charles T. LaSata, J., which determined that the crime at issue
did involve an offense against a minor. After the Court of Appeals
denied the defendant's application for leave to appeal, the defendant
applied for leave to appeal in the Supreme Court, which, in lieu of
granting leave to appeal, remanded the case to the Court of Appeals
for consideration, as on leave granted, of whether SORA's catchall
provision requires that an offender register solely on the basis of the
elements of the offense underlying the conviction; whether possess-
ing pornographic photographs constitutes an offense against an
individual who is less than 18 years of age, and, if so, what evidentiary
standards apply in a hearing to determine whether a defendant must
register under SORA; and whether the evidence in this case was
sufficient to satisfy the statutory requirement that the individual be
less than 18 years of age. 477 Mich 961 (2006).

The Court of Appeals *held*:

1. A court must consider the particular facts of a criminal
violation to determine whether the violation by its nature consti-
tutes a sexual offense against an individual who is less than 18
years of age for purposes of SORA. Although the panel that
considered this issue in *People v Golba*, 273 Mich App 603 (2007),
erred by concluding that it was bound to so hold by *People v
Meyers*, 250 Mich App 637 (2002), because the Supreme Court had

determined that portion of *Meyers* to be dictum, *Golba*'s interpretation of SORA's catchall provision is nevertheless binding.

2. The possession of pornographic photographs depicting a child constitutes an offense against an individual who is less than 18 years of age for purposes of SORA's catchall provision because the overarching purpose of SORA is to protect, particularly, the children of this state from the threat of convicted sexual offenders, the Legislature included the possession of child sexually abusive material as a listed offense under SORA, and it is widely accepted that the primary victims of child-pornography possession are the children depicted.

3. A sentencing court may consider all record evidence in determining whether a defendant must register under SORA, as long as the defendant has the opportunity to challenge the relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence. The court may order the presentment of additional proofs, at a hearing to which the rules of evidence do not apply, if the evidence of record is insufficient to reach a determination. This conclusion does not implicate a defendant's rights to due process and a jury trial because compliance with SORA is not a punishment.

4. The prosecution demonstrated by a preponderance of the evidence that the photographs for which the defendant was convicted depicted individuals less than 18 years of age. Although the detective who testified regarding this issue had no specialized training in identifying a person's age, he did have experience in investigating child pornography, and expert testimony is not required to establish the age of children in images.

Affirmed.

1. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — LISTED OFFENSES — CATCHALL PROVISION.

A court must consider the particular facts of a criminal violation to determine whether the violation by its nature constitutes a sexual offense against an individual who is less than 18 years of age for purposes of the Sex Offenders Registration Act (MCL 28.722[e][*xi*]).

2. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — LISTED OFFENSES — CATCHALL PROVISION — POSSESSION OF CHILD SEXUALLY ABUSIVE MATERIAL.

The possession of pornographic photographs of a child constitutes an offense against an individual who is less than 18 years of age for purposes of the Sex Offenders Registration Act (MCL 752.365; MCL 28.722[e][*xi*]).

3. SENTENCES — SEX OFFENDERS REGISTRATION ACT — EVIDENCE.

A sentencing court may consider all record evidence when determining whether a defendant must register under the Sex Offenders Registration Act as long as the defendant has the opportunity to challenge relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence (MCL 28.721 *et seq.*).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

*Gentry Law Offices, P.C.* (by *Kevin S. Gentry*), for the defendant.

Before: FITZGERALD, P.J., and SMOLENSKI and BECKERING, JJ.

PER CURIAM. Defendant Ryan Derrek Althoff pleaded guilty of possession with intent to disseminate obscene material, MCL 752.365. He subsequently appealed the December 22, 2004, trial court order requiring him to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. This Court denied defendant's delayed application for leave to appeal. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. We affirm.

I

Defendant and his wife, Elizabeth Althoff, formerly resided in Bridgman, Michigan. In January 2003, the state police responded to a report of a domestic dispute at the couple's home. During the investigation, Elizabeth informed Trooper Matthew Waters that defendant had been viewing child pornography and gave the

trooper several computer discs. Thereafter, defendant joined the United States Army. In the fall of 2004, while defendant was stationed in Germany, police contacted him several times regarding the computer discs seized from his Bridgman home. Defendant was subsequently charged with possession of child sexually abusive material, MCL 750.145c(4), on the basis of the content of the computer discs. In December 2004, defendant pleaded guilty to the reduced charge of possession with intent to disseminate obscene material, MCL 752.365. Defendant admitted that he had downloaded pornographic material and that he planned to show the material to a friend. At sentencing, the trial court ordered defendant to pay fines, costs, and fees, and to register pursuant to SORA.[1]

In September 2005, defendant filed a delayed application for leave to appeal the trial court's December 22, 2004, judgment of sentence. Specifically, defendant argued that the trial court erred by ordering him to register pursuant to SORA when he pleaded guilty to an offense that was not listed under SORA and there was no evidence that this case involved an offense against a minor. This Court held the matter in abeyance and remanded the case "to the sentencing court for a factual finding whether defendant was convicted of a sexual offense against an individual who is less than 18 years of age." *People v Althoff*, unpublished order of the Court of Appeals, entered November 23, 2005 (Docket No. 264980).

The trial court conducted an evidentiary hearing on December 13, 2005, pursuant to this Court's order. Detective Douglas Kill testified that he had viewed the

---

[1] The court declined to order any jail time in light of the fact that defendant had already served time in the custody of the United States Army.

contents of the computer discs seized from defendant's home and that there were photographs of young, nude females on several of the discs. According to Detective Kill, one of the females appeared to be 13 or 14 years old, and another appeared to be 16 years old. In one photograph, these two females were standing on a Jacuzzi tub nude. One of the females was holding an extendable showerhead. Other photographs depicted the younger of the two females standing in a hallway and sitting in a chair nude. Detective Kill admitted that he did not have any specialized training in identifying a person's age. He testified, however, that the two females did not appear to be fully developed physically and that he had investigated similar child pornography cases in the past. The computer discs at issue and printed copies of the photographs on the discs were mistakenly lost or destroyed after the sentencing and were unavailable at the evidentiary hearing.

On the basis of Detective Kill's testimony, the trial court determined that defendant was convicted of a sexual offense against an individual less than 18 years of age and, therefore, that he was required to register pursuant to SORA. The trial court effectuated its ruling in an order dated December 20, 2005. Thereafter, this Court denied defendant's delayed application for leave to appeal for lack of merit in the grounds presented. *People v Althoff*, unpublished order of the Court of Appeals, entered March 3, 2006 (Docket No. 264980).

Defendant subsequently applied for leave to appeal this Court's March 3, 2006, order. On December 8, 2006, in lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted of four issues:

(1) whether MCL 28.722(e)(xi) requires registration of an offender based solely on the legal elements of the offense

for which he stands convicted, or whether the facts of the particular offense are to be considered in determining if the offense "by its nature constitutes a sexual offense against an individual who is less than 18 years of age" cf. *People v Meyers*, 250 Mich App 637 [649 NW2d 123] (2002) (dictum); (2) whether the possession of pornographic photographs constitutes an offense "against" an individual who is less than 18 years of age; (3) if possession is an offense "against" an individual, what evidentiary standards apply to a hearing held to determine if a defendant must register under the Sex Offender[s] Registration Act; and (4) whether the evidence in this case was sufficient to satisfy the statutory requirement that the individual be "less than 18 years of age." [*People v Althoff*, 477 Mich 961 (2006).]

II

Pursuant to the Supreme Court's order in this case, we must first consider

whether MCL 28.722(e)(xi) requires registration of an offender based solely on the legal elements of the offense for which he stands convicted, or whether the facts of the particular offense are to be considered in determining if the offense "by its nature constitutes a sexual offense against an individual who is less than 18 years of age[.]" [*Althoff, supra* at 961.]

The construction and application of SORA presents a question of law that we review de novo on appeal. *People v Golba*, 273 Mich App 603, 605; 729 NW2d 916 (2007).

"SORA requires an individual who is convicted of a listed offense after October 1, 1995, to register as a sex offender." *Id.*, citing MCL 28.723(1)(a). The definition of "listed offense" in MCL 28.722(e) includes a catchall provision, MCL 28.722(e)(*xi*), which states that "[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years

of age" constitutes a listed offense.[2] The Code of Criminal Procedure provides clarification of this catchall provision, stating in relevant part:

> If the defendant is sentenced for an offense other than a listed offense as defined in section 2(d)(i) to (ix) and (xi) to (xiii) of the sex offenders registration act, 1994 PA 295, MCL 28.722, the court shall determine if the offense is a violation of a law of this state or a local ordinance of a municipality of this state that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. If so, the conviction is for a listed offense as defined in section 2(d)(x)[3] of the sex offenders registration act, 1994 PA 295, MCL 28.722, and the court shall include the basis for that determination on the record and include the determination in the judgment of sentence. [MCL 769.1(13).]

In *Meyers*, this Court found that the defendant was required to register as a sex offender pursuant to former MCL 28.722(d)(i) and (xii), now subsections e(i) and (xiii). *Meyers, supra* at 645. The *Meyers* Court also addressed SORA's catchall provision. The Court determined that pursuant to SORA's use of the term "convictions" and the plain language of the catchall provision, a defendant must register as a sex offender under the provision when three conditions exist simultaneously:

> First, the defendant must have been convicted of a state law violation or a municipal ordinance violation. Second, the state law or municipal ordinance violation must, "by its nature," constitute a "sexual offense." Third, the victim of the state law or municipal ordinance violation must be under eighteen years of age. [*Id.* at 647.]

---

[2] MCL 28.722(e) was previously denominated MCL 28.722(d), and the catchall provision was found in MCL 28.722(d)(x). *Golba, supra* at 605-606 nn 1-2.

[3] MCL 28.722(d)(x), now MCL 28.722(e)(xi). See n 2 of this opinion.

The *Meyers* Court concluded that the defendant's offense satisfied all three elements of what is now MCL 28.722(e)(*xi*). *Meyers, supra* at 650. It was undisputed that the defendant had been convicted of a state-law violation, using the Internet in an attempt to commit conduct proscribed under MCL 750.145a, which violated MCL 750.145d(1)(b). *Meyers, supra* at 638, 647. In regard to the second and third elements, the Court considered the underlying facts of the offense, particularly that the defendant had engaged in an online discussion about oral sex with a person he believed to be a 12-year-old girl, in hopes of obtaining oral sex from the girl. *Id.* at 638-639, 648-650. In reality, the defendant was conversing with a police detective. *Id.* at 639. The Court acknowledged that "[t]here may be other cases in which a defendant convicted of violating MCL 750.145d need *not* register under SORA because the victim was over the age of eighteen or the offense was not inherently sexual," and that "[o]nly after analyzing the facts of the specific case is it possible to determine whether a defendant is subject to SORA's registration requirement" under MCL 28.722(e)(*xi*). *Meyers, supra* at 650. In its December 8, 2006, order in this case, the Supreme Court labeled the portion of the *Meyers* opinion requiring consideration of the facts of the specific offense "dictum." *Althoff, supra* at 961.

After the Supreme Court issued its December 8, 2006, order, this Court addressed the application of SORA's catchall provision in *Golba*. In that case, the defendant was charged with possession of child sexually abusive material, MCL 750.145c(4), and unauthorized access to computers, MCL 752.795. *Golba, supra* at 605. A jury subsequently convicted the defendant of the latter offense and the trial court ordered him to register as a sex offender pursuant to MCL 28.722(e)(*xi*). *Golba, supra* at 605-606. The defendant appealed the trial

court's order, arguing that his violation of MCL 752.795 did not " 'by its nature constitute[] a sexual offense against an individual who is less than 18 years of age.' " *Golba, supra* at 605, quoting MCL 28.722(e)(*xi*).

On appeal, the *Golba* Court followed the *Meyers* Court's interpretation of MCL 28.722(e)(*xi*), stating that the catchall provision requires the simultaneous existence of three conditions: "(1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, 'by its nature,' constitute a 'sexual offense,' and (3) the victim of the violation must be under 18 years of age." *Golba, supra* at 607, citing *Meyers, supra* at 647. In *Golba*, there was no dispute that the defendant was convicted of the state-law violation of unauthorized access to computers, MCL 752.795, as the first element requires.

In regard to the second element, the *Golba* Court again followed the *Meyers* Court's reasoning. Quoting *Meyers*, the *Golba* Court stated that " '[t]here can be no debate that conduct violating a state criminal law or municipal ordinance that has inherent qualities pertaining to or involving sex fits this second element.' " *Golba, supra* at 608, quoting *Meyers, supra* at 647-648. The Court further stated that, "[a]s in *Meyers*, we recognize that conduct that is nonsexual in nature may violate MCL 752.795," but that it was bound to follow the "*Meyers* holding that whether an offense is 'by its nature . . . a sexual offense' within the meaning of MCL 28.722(e)(*xi*) depends on the defendant's conduct that formed the basis for the conviction, regardless of the fact that the statute could be applied to nonsexual behavior in other circumstances." *Golba, supra* at 610-611, citing *Meyers, supra* at 648-649.

The *Golba* Court found support for the *Meyers* holding in the Code of Criminal Procedure, which provides that the sentencing court "shall determine if the offense is a violation of a law of this state or a local ordinance of a municipality of this state that by its nature constitutes a sexual offense against an individual who is less than 18 years of age" pursuant to MCL 28.722(e)(*xi*), and, if so, "include the basis for that determination on the record and include the determination in the judgment of sentence." MCL 769.1(13). The Court reasoned that "[i]f the sentencing court's 'determination' could be made as a matter of law only from the language of the criminal statute at issue, there would be little reason for including the requirement that the sentencing court 'include the basis for that determination on the record,' " and, therefore, that the Legislature must have "intended sentencing courts to make findings of fact regarding the underlying conduct in individual cases to support the determination that the offense 'by its nature constitutes a sexual offense against an individual who is less than 18 years of age.' " *Golba, supra* at 611, quoting MCL 769.1(13) and MCL 28.722(e)(*xi*). On the basis of the foregoing, the *Golba* Court concluded that it "agree[d] with *Myers* [sic] that the underlying factual basis for a conviction governs whether the offense 'by its nature constitutes a sexual offense against an individual who is less than 18 years of age.' " *Golba, supra* at 611, quoting MCL 28.722(e)(*xi*).

The *Golba* Court concluded that under the particular facts of that case, the defendant's violation of MCL 752.795 satisfied the second element of MCL 28.722(e)(*xi*). *Golba, supra* at 611-612. The evidence presented at trial established that the defendant had downloaded pornography on a school computer, viewed the pornography on the computer in the presence of a

16-year-old female student, and used the computer to send the student sexually explicit e-mails and solicit sex from her, all in violation of the school's acceptable use policy. *Id.* Additionally, the Court concluded that "the trial court did not clearly err in finding that the victim of defendant's conduct in violating MCL 752.795 was 'an individual who is less than 18 years of age,' " as required by the third element of MCL 28.722(e)(*xi*). *Golba, supra* at 612. The undisputed evidence in the case established that the victim of the offense was the 16-year-old female student. *Id.* at 612-613. The Court noted that whether an offense satisfies the three elements of MCL 28.722(e)(*xi*) is primarily a question of fact for the trial court and, considering the evidence presented, the trial court did not err by ordering the defendant to comply with SORA. *Id.* at 613.

In light of our Supreme Court's December 8, 2006, order in this case, the *Golba* Court erroneously stated that it was *bound* to follow the *"Meyers* holding that whether an offense is 'by its nature . . . a sexual offense' within the meaning of MCL 28.722(e)(*xi*) depends on the defendant's conduct that formed the basis for the conviction . . . ." *Golba, supra* at 610-611, citing *Meyers, supra* at 648-649. In its order, the Supreme Court labeled that portion of the *Meyers* opinion "dictum," and dictum is not binding on this Court. *Griswold Properties, LLC v Lexington Ins Co,* 276 Mich App 551, 557-558; 741 NW2d 549 (2007). We are, however, bound by this Court's interpretation of MCL 28.722(e)(*xi*) in *Golba.* See MCR 7.215(J)(1). Therefore, pursuant to this Court's holding in *Golba,* we conclude that the particular facts of a violation are to be considered in determining whether the violation "by its nature constitutes a sexual offense against an individual who is less than 18 years of age" under MCL 28.722(e)(*xi*).

III

Next, we must consider "whether the possession of pornographic photographs constitutes an offense 'against' an individual who is less than 18 years of age" for purposes of MCL 28.722(e)(*xi*). *Althoff, supra* at 961.

The primary goal of statutory interpretation is to determine and give effect to the intent of the Legislature in enacting the provision. *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996). "Statutory language should be construed reasonably, keeping in mind the purpose of the statute." *Id*. When determining legislative intent, this Court must first consider the specific language of the statute. *Id*. Every word or phrase of a statute should be accorded its plain and ordinary meaning, but, if the legislative intent cannot be determined from the statute itself, dictionary definitions may be consulted. *Haynes v Neshewat*, 477 Mich 29, 36; 729 NW2d 488 (2007). Provisions must be read in the context of the entire statute in order to produce a harmonious whole. *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 52; 731 NW2d 94 (2006).

According to MCL 28.721a, SORA was enacted to assist law enforcement officers and the people of Michigan in preventing "future criminal sexual acts by convicted sex offenders. The legislature has determined that a person who has been convicted of committing an offense covered by [SORA] poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state." SORA's registration requirements are intended to provide "an appropriate, comprehensive, and effective means to monitor those persons who pose such a potential danger." MCL 28.721a.

As explained earlier, SORA requires an individual convicted of a listed offense to register as a sex offender.

*Golba, supra* at 605, citing MCL 28.723(1)(a). SORA's catchall provision provides that "[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense *against* an individual who is less than 18 years of age" constitutes a listed offense. MCL 28.722(e)(*xi*) (emphasis added). The term "against" is not defined in the statute, but is generally defined as "in opposition or hostility to." *Merriam-Webster's Collegiate Dictionary* (2007). In construing and applying MCL 28.722(e)(*xi*), this Court has determined that the provision requires the simultaneous existence of three conditions, including that the offense be against an individual less than 18 years of age, or, in other words, that "the victim of the violation . . . be under 18 years of age." See *Golba, supra* at 607.

Defendant makes much of the fact that the language in MCL 28.722(e)(*xi*) requiring the offense to be "against an individual who is less than 18 years of age" differs from the language in other listed offenses requiring that "a victim [be] an individual less than 18 years of age." See MCL 28.722(e)(*ii*), (*v*), (*vi*), and (*viii*). Defendant argues that this difference "must mean something," although he does not specifically state what it must mean. Defendant simply asserts that the phrase "offense against an individual" in MCL 28.722(e)(*xi*) is "less inclusive" than the phrase "if a victim is an individual" in the other listed offenses. We disagree. The general definition of the term "against" is broad, and indicates that, under MCL 28.722(e)(*xi*), the offense must be "in opposition or hostility to" the individual. We find the term "against" to be no less inclusive than the term "victim," which is defined as a "person harmed by a crime, tort, or other wrong" in Black's Law Dictionary (8th ed), or as a person who "is acted on and usually adversely affected by a force or

agent" in *Merriam-Webster's Collegiate Dictionary* (2007). Furthermore, as indicated earlier, this Court has already interpreted the language in MCL 28.722(e)(*xi*) to mean that "the victim of the violation must be under 18 years of age." See *Golba, supra* at 607.

That said, the Legislature's inclusion of MCL 750.145c as a listed offense requiring registration as a sex offender indicates that the possession of child pornography constitutes an offense against an individual less than 18 years of age, or, in other words, that the child depicted in the pornography is a victim of the offense. MCL 28.722(e)(*i*). MCL 750.145c, under which defendant was initially charged, prohibits engaging a child in sexually abusive activity, distributing or promoting child sexually abusive activity or material, and possessing child sexually abusive material. This Court has held that MCL 750.145c "focuses on protecting children from sexual exploitation, assaultive or otherwise. The purpose of the statute is to combat the use of children in pornographic movies and photographs, and to prohibit the production and distribution of child pornography." *People v Ward*, 206 Mich App 38, 42-43; 520 NW2d 363 (1994).

In *People v Riggs*, 237 Mich App 584, 586; 604 NW2d 68 (1999), the defendant was charged with four counts of child sexually abusive activity, MCL 750.145c(2), on the basis of the photographing and videotaping of four young girls. The trial court subsequently granted the defendant's motion to quash, finding no evidence that the girls were engaged in "child sexually abusive activity" as defined by MCL 750.145c(1)(h) at the time they were photographed and videotaped. *Id.* This Court reversed in part, concluding that the plain language of the statute "prohibits the making of a visual image that is a likeness or representation of a child engaging in one

of the listed sexual acts," regardless of whether the child actually engaged in sexual activity. *Id.* at 590-591. Citing *Ward*, the *Riggs* Court explained:

> Our interpretation of the plain language of the statute is consistent with the intent of the Legislature. . . . Misappropriating the innocent image of a child for purposes of creating the appearance of a child engaging in a listed sexual act while different in kind from the damage that arises from actually subjecting a child to the actual act is nonetheless exploitative and, arguably, equally as damaging. A child whose innocuous image has been altered to create sexually explicit pictures has its innocence violated. Moreover, ordinary nudity that has been enhanced to depict something lewd and preserved on tape has the potential of being a source of great humiliation, embarrassment, and mental and emotional distress to the child who may be unable to appreciate her innocent role in the creation and only able to focus on the end product. [*Riggs, supra* at 591.]

Similarly, the United States Supreme Court opined that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child. *New York v Ferber*, 458 US 747, 758; 102 S Ct 3348; 73 L Ed 2d 1113 (1982). The *Ferber* Court noted that "the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* at 759. The Fifth Circuit Court of Appeals opined that "the consumer of child pornography instigates the original production of child pornography by providing an economic motive for creating and distributing the materials." *United States v Norris*, 159 F3d 926, 930 (CA 5, 1998). Indeed, one of the reasons for criminalizing the possession of child pornography is to create an incentive for the possessor to destroy the material, thereby alleviating some of the harm to the children depicted. *United States v Sherman*, 268 F3d

539, 547 (CA 7, 2001), citing *Osborne v Ohio*, 495 US 103, 111; 110 S Ct 1691; 109 L Ed 2d 98 (1990).

Significantly, at least seven federal circuits confronted with the issue have concluded that the primary victims of possessing, receiving, transporting, distributing, shipping, and reproducing child pornography are the children depicted. See *United States v Shutic*, 274 F3d 1123, 1126 (CA 7, 2001), citing *United States v Tillmon*, 195 F3d 640, 644 (CA 11, 1999) (the primary victim of transporting and distributing child pornography is the child portrayed); *Norris, supra* at 929 (the primary victim of receiving child pornography is the child portrayed); *United States v Hibbler*, 159 F3d 233, 237 (CA 6, 1998) (the primary victim of possessing and distributing child pornography is the child portrayed); *United States v Boos*, 127 F3d 1207, 1213 (CA 9, 1997) (the primary victim of distributing child pornography is the child depicted); *United States v Ketcham*, 80 F3d 789, 793 (CA 3, 1996) (the primary victim of receiving, transporting, distributing, and recording child pornography is the child portrayed); *United States v Rugh*, 968 F2d 750, 756 (CA 8, 1992) (the primary victim of receiving child pornography is the child depicted). Only the Fourth Circuit has concluded that society in general is the primary victim of child pornography and that the children depicted are secondary victims. *United States v Toler*, 901 F2d 399, 403 (CA 4, 1990).

In light of the overarching purpose of SORA to protect the people, and particularly the children, of this state from the threat of convicted sexual offenders, the Legislature's inclusion of MCL 750.145c, which prohibits the possession of child sexually abusive material as a listed offense under SORA, and the widely accepted determination that the primary victims of child pornography possession are the children depicted, we hold that

"the possession of pornographic photographs [depicting a child] constitutes an offense 'against' an individual who is less than 18 years of age" for purposes of MCL 28.722(e)(*xi*). *Althoff, supra* at 961.

IV

Because we have concluded that the possession of pornographic photographs is an offense against an individual, we must consider "what evidentiary standards apply to a hearing held to determine if a defendant must register under [SORA.]" *Althoff, supra* at 961.

In general, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Golba, supra* at 615, quoting *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and *Blakely v Washington*, 542 US 296, 301; 124 S Ct 2531; 159 L Ed 2d 403 (2004). The defendant in *Golba* argued on appeal that "by ordering him to register under SORA, the trial court impermissibly violated his Fifth Amendment right to due process of law and his Sixth Amendment right to a jury trial, as enforced against states by the Fourteenth Amendment." *Golba, supra* at 615. In so arguing, the defendant relied on the United States Supreme Court cases enforcing those constitutional rights, *Apprendi* and *Blakely. Id.* The *Golba* Court held, however, that compliance with SORA is not a punishment. *Id.* at 616, 620. "Rather, SORA is a remedial regulatory scheme furthering a legitimate state interest of protecting the public." *Id.* at 620. Accordingly, the Court held that judicial fact-finding in applying SORA does not violate the *Apprendi-Blakely* rule. *Id.* at 616, 620.

The *Golba* Court further held that, in applying SORA, the sentencing court "may consider facts concerning uncharged offenses, pending charges, and even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." *Id.* at 614. The sentencing court may also consider evidence admitted during trial. *Id.* This Court reached a similar conclusion in *People v Ratkov (After Remand)*, 201 Mich App 123; 505 NW2d 886 (1993), regarding calculations under the sentencing guidelines. The *Ratkov* Court held that a "sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *Id.* at 125. The Court continued:

> The contents of the presentence report are presumptively accurate if unchallenged by the defendant. However, once a defendant has effectively challenged an adverse factual assertion contained in the presentence report or any other controverted issues of fact relevant to the sentencing decision, the prosecution must prove by a preponderance of the evidence that the facts are as asserted. If the record provides insufficient evidence upon which to base the decision supporting or opposing the scoring, the court in its discretion may order the presentment of further proofs. This Court will affirm a sentencing court's scoring decision where there is evidence existing to support the score. [*Id.* at 125-126 (citations omitted).]

Considering this Court's previous holdings in *Ratkov* and *Golba*, we conclude that a sentencing court may consider all record evidence in determining if a defendant must register under SORA, as long as the defendant has the opportunity to challenge relevant factual

assertions and any challenged facts are substantiated by a preponderance of the evidence. The court may order the presentment of additional proofs if the evidence of record is insufficient to reach a determination. Pursuant to MRE 1101(b)(3), the rules of evidence would not apply to a hearing held to determine if a defendant must register under SORA.

V

Finally, we must consider whether the evidence in this case was sufficient to satisfy the requirement under MCL 28.722(e)(*xi*) that the victim of the offense be "less than 18 years of age." *Althoff, supra* at 961. Defendant does not dispute that he was convicted of the state-law violation of possession with intent to disseminate obscene material, MCL 752.365, and the evidence in this case demonstrates that the violation "by its nature constitutes a sexual offense." Defendant argues, however, that there is insufficient evidence to find that the victims of the offense were minors. We disagree.

The trial court's determination that defendant committed a sexual offense against individuals "less than 18 years of age" was primarily a finding of fact. *Golba, supra* at 613, citing MCL 769.1(13). "We review underlying factual findings of the trial court at sentencing for clear error." *Golba, supra* at 613, citing MCR 2.613(C) and *People v Witherspoon*, 257 Mich App 329, 335 n 1; 670 NW2d 434 (2003). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

As explained earlier, in determining whether the victim of the offense is under the age of 18, the sentencing court may consider all record evidence, including the content of presentence investigation re-

ports (PSIRs), testimony taken at evidentiary hearings, and even acquittals, as long as any challenged facts are substantiated by a preponderance of the evidence. See *Golba, supra* at 614; *Ratkov, supra* at 125. In this case, defendant was charged with possession of child sexually abusive material, MCL 750.145c(4), although he ultimately pleaded guilty of a lesser offense. At sentencing, defendant's probation officer provided an oral PSIR and repeatedly stated that defendant had viewed pornography involving children. Defendant did not object to these statements. Later, at the December 13, 2005, evidentiary hearing, Trooper Waters testified that when he responded to the reported domestic dispute at defendant's home, Elizabeth stated that defendant had been viewing child pornography. Elizabeth gave the trooper several computer discs at that time. Detective Kill testified that he personally reviewed the contents of the discs and found photographs of young, nude females on several of them. According to his testimony, one of the females appeared to be 13 or 14 years old, and another appeared to be 16 years old. While the detective admitted that he did not have any specialized training in identifying a person's age, such as identifying "a 13-year-old, as opposed to . . . an 18-year-old," he testified that the two females in the photographs did not appear to be fully developed physically and that he had investigated similar child pornography cases in the past.

Considering the evidence of record, particularly Detective Kill's testimony describing the physical appearance of the females in the photographs and his previous experience investigating child pornography cases, the trial court did not clearly err in finding that the victims in this case were under the age of 18. Contrary to defendant's argument on appeal, expert testimony is not required to establish the age of children in images; rather, expert testimony is *permissible* if age is not

otherwise proven. See *People v Girard*, 269 Mich App 15, 22; 709 NW2d 229 (2005), citing MCL 750.145c(5). The prosecution demonstrated by a preponderance of the evidence that defendant committed a sexual offense against individuals "less than 18 years of age." Therefore, because defendant's violation satisfies the three elements of MCL 28.722(e)(*xi*), the trial court did not err in requiring him to register as a sex offender under SORA.

Affirmed.