# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES HURTIS CURRY,

Defendant-Appellant.

UNPUBLISHED
May 26, 2015

No. 320682
Genesee Circuit Court
LC No. 13-033518-FH

---

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of third-degree fleeing and eluding a police officer, MCL 750.479a(3), resisting or obstructing a police officer, MCL 750.81d(1), possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(v), and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 46 to 240 months for the fleeing and eluding conviction, 46 to 180 months each for the resisting or obstructing and cocaine-possession convictions, and to time served (192 days) for the marijuana-possession conviction. Defendant appeals as of right, challenging only the scoring of the sentencing guidelines. We affirm.

Defendant's convictions arose from a high-speed police chase that occurred after midnight on June 30, 2013, in the city of Flint. The chase proceeded through residential neighborhoods and heavy traffic areas and continued for approximately 17 miles, during which defendant turned off his headlights, disregarded multiple stop signs and traffic lights, exceeded the speed limit, reaching speeds in excess of 80 miles per hour, and drove off the road and down an embankment. At sentencing, the trial court found that two police officers involved in the chase, along with a husband and wife who were driving home from a friend's house, were all "victims" within the meaning of offense variable (OV) 9, MCL 777.39 (number of victims), of the sentencing guidelines. MCL 777.39(1)(c) requires a court to assess 10 points for OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" Accordingly, the trial court assigned 10 points for OV 9, resulting in a guidelines range of 10 to 46 months, as enhanced for defendant's habitual offender status. MCL 777.66; MCL 777.21(3)(c).

On appeal, defendant challenges the trial court's decision to assess 10 points for OV 9. Determining whether a trial court properly scored the sentencing guidelines variables is generally

-1-

a two-step process. First, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand),* 305 Mich App 85, 88; 849 NW2d 417 (2014). "'Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred.'" *People v Fawaz,* 299 Mich App 55, 60; 829 NW2d 259 (2012) (citation omitted). Second, the appellate court considers de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy,* 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88.

Once again, MCL 777.39(1)(c) directs that 10 points are to be assigned for OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" And a score of zero points is appropriate if "[t]here were fewer than 2 victims . . . ." MCL 777.39(1)(d). A sentencing court is required to "[c]ount each person who was placed in danger of physical injury or loss of life . . . as a victim." MCL 777.39(2)(a). The trial court found that defendant placed at least four people in danger of physical injury or loss of life—the two police officers who pursued defendant's vehicle during the high-speed chase and the couple who were driving home from a friend's house.

With respect to the couple, defendant maintains that their vehicle was not struck during the pursuit, nor was there any evidence indicating how close they came to being hit; therefore, the couple did not qualify as "victims" for purposes of OV 9. Contrary to defendant's argument, it was not necessary that defendant actually hit the couple's vehicle for them to be considered victims. The plain language of MCL 777.39(2)(a) does not require actual physical contact or injury, but only that a person be *placed in danger of* injury or death in order to qualify as a victim under OV 9. See *People v Morson,* 471 Mich 248, 262; 685 NW2d 203 (2004); *People v Stone,* 463 Mich 558, 562; 621 NW2d 702 (2001). We also disagree with defendant's argument that there was no evidence that the couple came close to being hit. The husband testified that he had begun to enter an intersection after first stopping when his wife grabbed his arm and warned him of defendant's approaching truck. The husband indicated that he had to quickly back up his vehicle to clear the intersection so that defendant, who failed to stop at the intersection and was speeding, could pass in his truck. When asked if they would have made it through the intersection, the husband responded, "No. . . . We would've got hit." This testimony was sufficient for the trial court to find by a preponderance of the evidence that defendant's conduct placed the couple in danger of physical injury or loss of life.

Two victims sufficed for the 10-point score under OV 9, MCL 777.39(1)(c), but we shall address defendant's arguments concerning the two police officers.[1] Defendant contends that the

---

[1] On the other hand, we decline to address defendant's argument that the trial court improperly considered, in addition to the four persons already mentioned, a person who was purportedly placed in danger of only property loss associated with the location where defendant's vehicle ultimately crashed. We note that OV 9 also directs the assessment of 10 points when "4 to 19 victims . . . were placed in danger of property loss[.]" MCL 777.39(1)(c).

two officers, who were riding together in a police cruiser, cannot be considered victims because it was their own conduct in pursuing defendant's vehicle, not defendant's conduct, that placed them in danger of injury. In *Fawaz,* 299 Mich App at 62-64, this Court held that the trial court erred in finding that two firefighters who responded to an arson fire started by the defendant were not victims for purposes of OV 9. This Court held that "nothing in the text of the statute governing OV 9 indicates a legislative intent to limit the term 'victim' to exclude first responders, and if the Legislature had intended to so limit the definition of 'victim' under OV 9, it could have done so." *Id.* at 63 (citations omitted). Here, the two officers were acting within the scope of their authority as police officers by pursuing defendant in response to his criminal act of fleeing police. Thus, reversal is unwarranted.

Defendant additionally argues that there was no evidence submitted revealing how close the officers were to being hit or how narrowly they avoided injury, given that the cruiser's cameras were not functioning; therefore, they could not qualify as "victims" under OV 9. The evidence available for consideration in determining the scoring of OV 9 was not limited to specific evidence such as footage from a police car camera; rather, the trial court was free to consider testimony by the officers in describing the events that transpired. See *People v Althoff*, 280 Mich App 524, 541; 760 NW2d 764 (2008) (sentencing court may consider all the evidence in the record in calculating the guidelines, including the trial testimony). In regard to the pursuit, one of the officers testified, "We were . . . nearly struck at one point head on by a vehicle." There was additional testimony by the police regarding the harrowing and dangerous nature of the pursuit. This testimony was sufficient for the trial court to find by a preponderance of the evidence that defendant's conduct placed the two police officers in danger of physical injury or loss of life.

In sum, the trial court did not err in assessing 10 points for OV 9, considering that there was sufficient evidence to conclude that four victims were placed in danger of physical injury or death.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola