# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARK STEVEN-RANDALL HARRIS,

      Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 321904
Ottawa Circuit Court
LC No. 14-038019-FC

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions and sentences on two counts of felonious assault, MCL 750.82, one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(e) (actor armed with a weapon), two counts of false imprisonment, MCL 750.349b(1)(a) (restraint by means of a weapon), and one count of assault by strangulation, MCL 750.84(1)(b). He was sentenced to 2 to 4 years' imprisonment for the felonious assault convictions, 2 years' imprisonment for the felony-firearm conviction, 275 to 500 months' imprisonment for the CSC I conviction, 90 to 180 months' imprisonment for the false imprisonment convictions, and to 80 to 120 months' imprisonment for the strangulation conviction. We affirm.

Defendant assaulted his estranged wife at gunpoint in her apartment, and he engaged in unlawful acts of strangulation, digital-vaginal penetration, and cunnilingus during the attack. The sister of defendant's estranged wife arrived at the scene following the sexual assault. Defendant then assaulted and falsely imprisoned her at gunpoint.

On appeal, defendant, in a Standard 4 brief, argues that trial counsel was ineffective for failing to investigate and call to the stand three potential witnesses who could have testified in support of his defense that he did not commit any offenses against his estranged wife. In support of his argument, defendant attached to his appellate brief the purported "affidavits" of the prospective witnesses. Defendant's argument fails on multiple levels. First, the documents attached to defendant's brief do not conform to the requirements of an affidavit. See MCR 6.001(D); MCR 2.119(B). Second, the documents are riddled with hearsay, contain statements that are cumulative relative to the trial testimony or are otherwise inadmissible, and they are at points incomprehensible. Third, the documents are not part of the record. See *People v Powell*,

235 Mich App 557, 561 n 4; 599 NW2d 499 (1999) ("it is impermissible to expand the record on appeal"). Fourth, given the problematic nature of the documents, defendant has not shown that counsel's performance was deficient, failing to overcome the strong presumption that counsel's decisions constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Fifth, given the problematic nature of the documents, defendant has failed to establish the factual predicate for his claim. *Id.* And sixth, considering the substance of the purported "affidavits" and the evidence produced at trial, defendant has failed to establish that, but for any assumed error on counsel's part, defendant would have been acquitted. *Id.*

Defendant also argues in his Standard 4 brief that trial counsel was ineffective by "opening the door" to the issue whether defendant was upset with his estranged wife immediately prior to the offense, that the prosecutor committed misconduct by cross examining defendant on that issue, and that counsel was ineffective for failing to object to the prosecutor's cross-examination. The issue pertained to evidence regarding defendant's discovery, shortly before the assault, of a text message on his estranged wife's old cellular telephone casting doubt on defendant's parentage of their daughter. The evidence had a bearing on defendant's state of mind and spoke to the question of motive; it was very relevant, MRE 401-402, and the evidence's probative value was not substantially outweighed by the danger of unfair prejudice, MRE 403. Moreover, the evidence did not run afoul of MRE 404(b), considering that MRE 404(b) applies only to an individual's "other crimes, wrongs or acts," that "intent" and "motive" are proper purposes to admit evidence under the express language of MRE 404(b) even if the rule was implicated, that the evidence was not employed to show propensity or "character to conduct," *People v VanderVliet*, 444 Mich 52, 74; 508 NW2d 114 (1993), and that the evidence was essential to giving "the jury an intelligible presentation of the full context in which disputed events took place," *People v Sholl*, 453 Mich 730, 741; 556 NW2d 851 (1996). Accordingly, trial counsel's performance was not deficient, nor has prejudice been shown, *Carbin*, 463 Mich at 600, and the prosecution did not commit misconduct in eliciting evidence on the issue, *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007).

Next, defendant raises several arguments concerning sentencing. He first contends that the trial court erred in assessing 50 points for offense variable (OV) 11, MCL 777.41, which requires a 50-point score when "[t]wo or more criminal sexual penetrations occurred." MCL 777.41(1)(a). While a trial court is required to "[s]core all sexual penetrations of the victim by the offender arising out of the sentencing offense[,]" MCL 777.41(2)(a), the court is not permitted to "score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense[,]" MCL 777.41(2)(c). Defendant maintains that there were two criminal sexual penetrations, i.e., digital-vaginal penetration and cunnilingus, one of which formed the basis of the CSC I conviction and thus cannot be considered. Therefore, according to defendant, OV 11 should have been assessed at 25 points, which is the proper score when "[o]ne criminal sexual penetration occurred." MCL 777.41(1)(b).

Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). " 'Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred.' " *People v Fawaz,* 299 Mich App 55, 60; 829 NW2d 259 (2012) (citation omitted). A preponderance of the evidence is "such evidence as, when

weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). We review de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy,* 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88.

"Vaginal penetration . . . and cunnilingus are considered separate sexual penetrations when scoring OV 11 under MCL 777.41." *People v Johnson*, 298 Mich App 128, 132; 826 NW2d 170 (2012). MCL 750.520a(r) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." When calculating the guidelines, a sentencing court may rely on the presentence investigation report (PSIR) and testimony taken at trial or at the preliminary examination. *People v Althoff*, 280 Mich App 524, 541; 760 NW2d 764 (2008).

Here, there was evidence of digital-vaginal penetration and cunnilingus. Although defendant's estranged wife testified at trial that defendant inserted his finger into her vagina "one time," the PSIR indicated that, according to the victim, defendant "inserted his finger into her vagina between 4 and 6 times." Moreover, at the preliminary examination, defendant's estranged wife testified that defendant had also "tried to put" his penis inside her vagina, but "had to stop" because he could not obtain an erection. At trial, she testified that defendant "tried to put his penis in" her vagina, but he "just gave up" due to the lack of an erection. A reasonable inference that arises from this testimony is that there was some contact and level of intrusion of the victim's vagina by defendant's penis, however slight, in his failed attempt to engage in full sexual intercourse, which would suffice as a penetration. MCL 750.520a(r). While a close call, we cannot conclude, given the PSIR information of multiple digital penetrations and the testimony regarding attempts at sexual intercourse, that the trial court committed *clear error* in assessing 50 points for OV 11 on the basis that "[t]wo or more criminal sexual penetrations occurred." MCL 777.41(1)(a).

Defendant next objects to the trial court's assessment of 10 points for OV 9, MCL 777.39, which takes into account the number of victims. We need not decide this issue, because, as conceded by defendant himself, even if OV 9 should have been assessed at zero points, it would not alter the minimum sentence guidelines range. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). The reduction of 10 points with respect to OV level V of the class A sentencing grid, which was the grid level at which defendant had been placed, would still leave defendant at OV level V. MCL 777.62. Accordingly, resentencing is not warranted even were OV 9 scored incorrectly.

In regard to the alleged scoring errors discussed above, defendant argues that trial counsel was ineffective for failing to raise the challenges below. In light of our rulings, defendant cannot establish deficient performance with respect to OV 11, nor the requisite prejudice as to both OV 9 and OV 11. *Carbin*, 463 Mich at 600.

Defendant finally contends that, pursuant to *Alleyne v United States*, __ US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013), his constitutional rights under the Sixth and Fourteenth Amendments to a jury trial and to have the prosecution prove its case beyond a reasonable doubt

were violated, given that the trial court engaged in impermissible judicial fact-finding in regard to various scoring variables. In *Alleyne*, the United States Supreme Court held that facts that increase a mandatory minimum sentence must "be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2163. In *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), this Court rejected application of *Alleyne* to Michigan's sentencing scheme. In *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), this Court acknowledged that it was bound by *Herron* and therefore concluded that *Alleyne* did not impact sentencing in Michigan, although two members of the panel voiced disagreement with *Herron*. Our Supreme Court granted leave in *Lockridge*, 496 Mich 852 (2014), and is therefore holding *Herron* in abeyance, 846 NW2d 924 (2014). Defendant acknowledges *Herron* and *Lockridge* and presents this issue merely for purposes of preservation. We reject defendant's argument in light of the fact that we currently remain bound by *Herron* and *Lockridge*. MCR 7.215(J)(1). Defendant's associated claim of ineffective assistance of counsel for failure to raise an *Alleyne* challenge below is similarly rejected, considering the current status of the law.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens