# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARIUS THERIOT,

        Defendant-Appellant.

UNPUBLISHED
June 21, 2016

No. 325973
Wayne Circuit Court
LC No. 11-008423-FC

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

Defendant appeals his resentencing after remand by this Court in *People v Matthews*, unpublished opinion per curiam of the Court of Appeals, issued December 19, 2013 (Docket Nos. 308369 & 308640). Defendant was convicted after a jury trial of second-degree murder, MCL 750.317, three counts of assault with intent to murder, MCL 750.83, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and assault of a pregnant person causing death to a fetus, MCL 750.90b(a). The trial court originally sentenced defendant, as a second habitual offender, MCL 769.10, to 45 to 80 years' imprisonment for the second-degree murder conviction and each of the three assault with intent to murder convictions, two years' imprisonment for the felony-firearm conviction, and 10 to 15 years' imprisonment for the assault of a pregnant person causing death to a fetus conviction. After this Court remanded for resentencing, the trial court sentenced defendant to 35 to 45 years' imprisonment for the second-degree murder conviction and each of the three assault with intent to murder convictions, two years' imprisonment for the felony-firearm conviction, and 10 to 15 years' imprisonment for the assault of a pregnant person causing miscarriage conviction. For the reasons provided below, we affirm.

On appeal, defendant argues that he is entitled to resentencing in light of the trial court's improper assessment of 15 points for offense variable (OV) 5 at the resentencing. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations [normally] are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). However, defendant failed to preserve his challenge to the assessment of OV 5 by raising it at sentencing, in a motion for resentencing, or a motion to remand. MCL 769.34(10); *People v Kimble*, 470 Mich 305, 311-312; 684 NW2d 669 (2004). Thus, this Court reviews unpreserved challenges to the trial court's assessment of

sentencing variables for plain error affecting defendant's substantial rights. *Kimble*, 470 Mich at 312. This Court also reviews de novo, as a question of law, the proper interpretation of the sentencing guidelines. *People v Gullett*, 277 Mich App 214, 217; 744 NW2d 200 (2007).

Defendant claims that there are no facts in the record to support the trial court's assessment of OV 5 at 15 points. OV 5 is "psychological injury to a member of a victim's family." MCL 777.35. The trial court must assess 15 points for OV 5 when "[s]erious psychological injury requiring professional treatment occurred to a . . . victim's family." MCL 777.35(1)(a). In assessing this variable, "the fact that treatment has not been sought is not conclusive," and an assessment of 15 points is appropriate when "serious psychological injury to the victim's family *may* require professional treatment." MCL 777.35(2) (emphasis added). Alternatively, OV 5 should be assessed at zero points where no serious psychological injury requiring professional treatment occurred to a victim's family. MCL 777.35(1)(b).

Defendant is correct that the Presentence Investigation Report (PSIR) does not itself provide evidence to support the assessment of OV 5 at 15 points. Under the Victim's Impact Statement heading, the Presentence Investigation Report (PSIR) indicates that "Ms. Rynetta Dukes, mother of the deceased, stated that she did want to make a statement and stated that she was writing a statement out and would mail it. However, as of the date of this report, the statement has not been received." The Victim's Impact Statement contains information regarding the effects of defendant's crime on several victims, but remains silent on whether Dukes, the mother of the second-degree murder victim and the only "relative" of a victim mentioned in the PSIR, had suffered psychological trauma as a result of her pregnant daughter's murder or the loss of her future grandson, her daughter's unborn child. However, a sentencing court's consideration is not limited to the PSIR. Rather, "a sentencing court may consider all record evidence before it when calculating guidelines." *People v Althoff*, 280 Mich App 524, 541; 760 NW2d 764 (2008). At defendant's original sentencing hearing, the prosecution indicated that, subsequent to the PSIR's preparation, Dukes had provided an impact statement. The prosecutor conveyed her message to the court:

> [Dukes] is the mother of [the second-degree murder victim]. She is a resident of Alabama. She contacted our victim's advocate and indicated that she could not make it up to the sentencing. She had been up twice for the preliminary examination. There were two dates for the preliminary examination.
>
> She indicated that the whole situation was very stressful for her. The loss of her grandchild, never getting to know her grandchild, that was the subject matter of the last count in this case, has been extremely hard for her and she's in counseling in Alabama. So that's, that is it as it relates to the victim impact statements. And we do have victim impact statements here.

Duke's impact statement, as read by the prosecutor at defendant's original sentencing hearing, was sufficient to support the trial court's assessment of OV 5 at 15 points. Duke clearly stated that her daughter's murder was causing her stress and that she was affected by the loss of her grandson, the victim of defendant's crime of assault causing death to a fetus. She stated that she had already sought counseling as a result of this stress and psychological damage. The fact that this evidence was presented at defendant initial sentencing and not his resentencing is of no

consequence because the trial court may assess sentencing variables based on any evidence in the record. See *id.* Accordingly, the trial court did not clearly err when it scored OV 5 at 15 points. Likewise, defendant's claim that his counsel was ineffective for failing to object to the trial court's scoring of OV 5 necessarily fails, as defense counsel is not ineffective for failing to raise meritless objections. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

In defendant's Standard 4 brief, he argues that he is entitled to a different judge upon resentencing. However, because the trial court's assessment of OV 5 was proper, resentencing is not required and defendant's request for resentencing before a different judge on the basis of judicial bias is moot and will not be considered.

Affirmed.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello